JOHN FOTHEREE AND WIFE, Plaintiffs in Error, *v.* JAMES LAWRENCE.

1. WILL : MUST BE PROBATED.—Before a will can be admitted in evidence, in support of title to property therein bequeathed, it must appear to have been regularly probated.

2. WILL : AUTHORITY OF CLERK TO RECORD.—The probate clerk has no authority to record a will, until it has been first duly admitted to probate, and consequently a certified copy of a will taken from the record of the Probate Court, is not admissible in evidence, unless it also appear that the original was regularly probated.

3. WILL : PROBATE OF.—The probate of a will is a judicial power confided by our laws to the probate judge, and unless shown to have been exercised by him, no testamentary paper can have the effect of a will.

4. SAME : WHAT PROOF OF.—No particular form of exercising the judicial function in the probate of a will is prescribed by law, it is sufficient if it clearly appear that the judicial act was done by the judge; and this may be shown by the minutes of the court reciting the probate, or by an entry made on some part of the instrument, showing that it was duly proved before, and approved by the court, or ordered to be recorded as the will of the testator ; or it may be shown by proof, that letters testamentary were granted upon it. (See 4 T. R. 258 ; 12 Wheat. 169.)

5. WILL : PROOF OF PROBATE.—The fact, that the execution of a will was duly proven in open court by a subscribing witness, and then registered by the clerk on the records of the court, does not establish that the will was legally admitted to probate.

6. PRESUMPTION : FROM LAPSE OF TIME.—The mere lapse of twenty years from the date of the record and proof of execution of a will, without the property bequeathed by it having passed in possession under it, and without any other act being done recognizing, either directly or by legal intendment, its validity, will not authorize the presumption that it was regularly probated.

IN error from the Circuit Court of Copiah county. Hon. Wiley P. Harris, judge.

The facts are fully set forth in the opinion of the court.

*George L. Potter*, for plaintiff in error.

1. The copy of the will was improperly admitted in evidence. It does not appear that the will was ever probated. The allowance

of a paper propounded as a will, is a judicial act—the judgment of the Probate Court; and the evidence of that fact should appear of record, on the minutes of the court. It can be shown in no other way. *Moore* v. *Carson*, 1 How. 60; *Steen* v. *Steen*, 5 Cushm. 530. The principle decided in these cases is conclusive.

2. The registration of the will is not the act of the court, but of the clerk, and amounts to nothing, unless the will be "proved and approved" by the court. See Hutch. Code, 430, 431; Poindexter, Code, 458; 3 Phil. Ev. (Cow. & Hill,) 1243, 1244. It cannot be presumed, from the mere fact of registration, that the will was probated. No presumption is allowed in favor of matters which should be of record, and which are always supposed to be existing in the proper custody. 1 Greenl. Ev. § 20.

*E. G. Peyton, contrà.*

Although it is conceded to be regular, yet it is not indispensable, that the probate of the will should appear on the minutes.

The copy of the will, and the certificate of it, having been proved, constitute what is called the law of the probate of the will, and are conclusive evidence. 2 Phil. & Am. Ev. 645.

The act of the court may be indorsed on the will; and this was done in this case. 2 Phil. & Am. Ev. 646, note 4; *Doe* v. *Bernard*, Cowp. 295. This was done also in *Tarver* v. *Tarver*, 9 Pet. 175.

The certificate of the clerk and seal of the court, which give verity to the record, establish as well the right of the court to adjudicate, therein contained, as that such facts were in truth assumed. *Dozier* v. *Joyce*, 8 Porter, 312; and we have that here. See, also, *Summer* v. *Roberts*, 2 Dev. Law R. 258.

The courts in the present day are not inclined to defeat the wishes of testators, by light and trivial technical objections to the probate of their wills. As the probate of the will in this case was made in 1833, in the early settlement of the country, when the public officers in charge of the records were careless, ignorant, &c., the court will presume, from lapse of time, that the will was duly probated. *Stevenson* v. *M'Reary*, 12 S. & M. 9; *Lessee of Andrew Legrange* v. *Ward*, 11 Ohio, R. 257.

*Potter*, in reply, commented upon the authorities cited by Mr. Peyton, and contended that they were inapplicable.

The court, upon the first argument affirmed the judgment of the court below, sustaining the legality of the probate of the will. A re-argument was granted, however; and at this term of the court, the judgment of the Circuit Court was reversed.

HANDY, J., delivered the opinion of the court.

This was an action at law brought by the defendant in error, to recover certain slaves claimed by him under the will of Elizabeth Lawrence, deceased; and the only question for determination, as the case is now presented, is, whether the will was shown to have been legally probated.

On the trial, the plaintiff offered in evidence, as the basis of his title, a paper which was certified by the clerk of the Probate Court of Copiah county, to be " a correct transcript of the original will therein named, as fully and completely as the same is on file and of record in his office." This copy shows first the will, and then what purports to be the probate of it, which is as follows :—

" *State of Mississippi*, }     Probate Court.
    Copiah county.     }     December Term, 1833.

" George Ellis, jr., one of the witnesses to the within will, being duly sworn, did depose and say, that he saw Elizabeth Lawrence, the testatrix therein named, sign and seal the same, and heard her publish, pronounce and declare the within writing to be her last will and testament, and that he saw George Ellis sign it, as the other witness, and that at the doing thereof, the said testatrix was of sound and disposing mind and memory, so far as he verily believes.                              GEORGE ELLIS, JR.

    " Sworn to and subscribed in open
        court, this 23d December, 1833.
                    ROWLAND JOHNSON, Clerk pro tem."

Objection was made to reading this copy, because there was no evidence that the will had been admitted to probate, and it was thereupon admitted by both parties, that the Probate Court of

Copiah county kept a minute book of its orders and decrees, and that no order nor entry of any kind was to be found on the minute book of that court in relation to this will, but that the will and the affidavit as above stated, were recorded in the office of the Probate Clerk of Copiah county, in the book of wills. The copy was admitted and read in evidence, to which the defendant excepted, and the verdict and judgment being against him, he has brought the case here.

When this case was presented on the former argument, we were of opinion that this will should be considered as having been duly probated, it appearing that the affidavit authenticating it was made in open court, and the copy offered in evidence having been taken from the regular book of recorded wills. But upon reconsideration, we are satisfied that this is an improper view of the subject.

In order to entitle a party to offer in evidence a will under which he claims title, it is incumbent upon him to show that it has been regularly admitted to probate. This probate is a judicial power confided by our laws to the judges of the Probate Court, and unless shown to have been exercised by them, no testamentary writing can have the effect of a will. Accordingly, the act of 1821, (Hutch. Code, 430,) provides that the clerks of the Probate Courts, shall "record all last wills and testaments *duly proved and approved.*" He is only authorized to record such instruments when they shall be "*proved and approved;*" and consequently, where the same act provides, (Hutch. Code, 650, § 23,) that " an authenticated copy of any will, testament or codicil, recorded in any office authorized to record the same, shall be admitted as evidence," it is to be understood, such instruments as are duly probated by the proper Probate Court.

No particular form of exercising this judicial function is prescribed by law; and it is sufficient, if it clearly appears that the judicial act was done by the judge. This may be shown by a record of the act made upon the minutes of the court, or by an entry written upon some part of the instrument showing that it was duly proved before the court, and approved or ordered to be recorded as the will of the testator; or it may be shown by proof, that letters tes-

tamentary were granted upon it by the Probate Court. *Kiny* v. *Inhabitants of Netherseal*, 4 T. R. 258; *Armstrong* v. *Lear*, 12 Wheat. 169.

In this case, the paper relied on is not sufficient in any of these particulars. No act whatever of the court is shown, nor does any thing appear, from which such a judicial act as was required to be done, could be justly presumed. It appears that the affidavit of the subscribing witness was taken before the clerk in open court. But it cannot be properly presumed from this, that the court "approved" of the testimony, as sufficient to establish the will, and ordered it to be recorded. Nor does the fact that it was recorded in the record book of wills, show that it was done by order of the court. From the absence of any entry upon the minutes, or of any written order signed by the judge, the presumption should rather prevail that no act was done by him approving the will or ordering it to be recorded, and that it was entered in the record book of wills by the clerk without authority of the court, and that the affidavit of the subscribing witness in open court never received the sanction of the court as a sufficient proof of the will.

It is urged in support of the validity of the will, that after so great a lapse of time it must be presumed that it was regularly probated, and that the evidence of it may be lost or destroyed. But nothing is shown to give force to this presumption. For aught that appears, the records were regularly kept, and they were adduced on the trial, but contained no entry showing any act of the court establishing this will. If the property bequeathed had passed in possession in virtue of it, this, after such a lapse of time, would have justified the presumption that the will had been duly probated; but without some act recognizing it as a will, either directly or by legal intendment, no such presumption is created by the mere lapse of time, and no act having such legal effect is shown in the record.

The judgment is therefore reversed, and the cause remanded for a new trial.