ISAAC and RICHARD JORDAN v. WILLIAM R. THOMAS.

1. WILL : PROBATE OF.—A certified transcript of the record of the Court of Ordinary, in the State of Georgia, in which is embraced a copy of a will, and the affidavit of the subscribing witnesses proving its execution, made in open court, (before the ordinary, who is both judge and clerk;) and also a statement that the will was recorded, and copies of receipts of legatees given to the executor named in the will, for legacies therein bequeathed to them; which receipts were also recorded in the said court, contains sufficient, though informal evidence of the probate of the will.

2. FOREIGN RECORD : AUTHENTICATION OF.—By the laws of the State of Georgia, the ordinary is both judge and clerk of the Court of Ordinary: a single certificate, therefore, made by him as "ordinary" to a transcript of a record from that court, if it contain the essential statements of the certificates of both judge and clerk, as required by the Act of Congress for the authentication of records of sister States, is sufficient to entitle the record to admission as evidence in this State: it is unnecessary that the ordinary should certify seperately, both as judge and clerk.

3. PRACTICE : JUDGMENT MAY EMBRACE ISSUE OF A SLAVE BORN AFTER SUIT COMMENCED.—If an action of detinue be brought for the recovery of a female slave, her issue, born subsequent to the commencement of this suit, and before the trial, may be embraced in the judgment and recovered by the plaintiff.

4. JEOFAILS, STATUTE OF.—After verdict in an action of detinue for the recovery of

several slaves, it will be too late to object that the declaration was insufficient in not stating the seperate value of each, but only the aggregate value of all the slaves sued for.

IN error from the Circuit Court of Leake county. Hon. E. G. Henry, judge.

Thomas, the defendant in error, sued the Jordans, the plaintiffs in error, in detinue under the new Pleading Act, for the recovery of a slave Hannah, and her child John, and her future increase; alleging that the aggregate value of John and Hannah was $2000. The defendants pleaded the general issue, and that they purchased, for a valuable consideration, the slaves from James and Elizabeth Newsom, who had previously to the sale to them, been in the quiet and peaceable possession of said slaves, under claim of title for three years, in this State. The plaintiff replied that he was the owner of the slaves, as trustee for said Elizabeth and her heirs, under the will of James Newsom, and that she held possession under him and by his permission.

On the trial, the plaintiff introduced in evidence, a copy of the will of Jesse Thomas, which directed that his estate should be kept together until his children should marry and settle themselves, and then that "the whole (estate) shall be valued, and they (the children) shall receive their equal part, except Elizabeth Newsom, whose part shall be left in the hands of her brother, William R. Thomas, to be appropriated to the use of her and the heirs of her body. If she should die, and all the heirs of her body, before they arrive at the age of twenty-one, then her part to return to my other children." The defendants objected to the introduction of this copy because the will did not appear to have been probated, and because it was not properly certified.

The copy of the will was embraced in a transcript of a record from the Court of Ordinary of Morgan county, in the State of Georgia. This record, after setting out the copy of the will, was as follows:— " Georgia, Morgan county; Inferior Court sitting for ordinary purposes. Adjourned term, December 4th, 1837, personally appeared in open court Lemuel Thompson and Matthew Mayne, subscribing witnesses to the foregoing instrument in writing, purporting to be the last will and testament of Jesse Thomas, deceased, who, being

duly sworn, depose and say, that they saw the testator sign, seal and deliver the same, for the purposes therein expressed; and that they believe he was, at the time, of sound and disposing mind and memory, and that they testated the same as witnesses in his presence, and in the presence of each other, and saw Seaborn J. Safford, the other subscribing witness, do likewise. Sworn and subscribed, in open court, day and date above written.

MATTHEW MAYNE,<br>LEMUEL THOMPSON.

JOHN W. PORTER, C. C. O.

Recorded, December 6th, 1837.

" $950. Received this the 7th day of January, A. D. 1841, of Daniel R. Thomas, executor of the last will and testament of Jesse Thomas, deceased, late of Morgan county, the sum of nine hundred and fifty dollars in full of a legacy,—except a lot of land in Cherokee, belonging to the estate, of a legacy bequeathed me in, and by the last will of Jesse Thomas, deceased.

WILLIAM R. THOMAS, Trustee,<br>For Elizabeth Newsom and her heirs.

" Received of Daniel R. Thomas, executor of the last will and testament of Jesse Thomas, deceased, the sum of fifteen dollars in full, as coming to Elizabeth Newsom and her children; *said land* formerly of Cherokee county.

Given under my hand and seal, 1st March, 1845.

WILLIAM R. THOMAS, Trustee,<br>For Elizabeth Newsom and children.

" The foregoing legatee's receipts all recorded, March 13, 1845.

E. L. WITTICH, C. C. O.

" The State of Georgia, Morgan county. I, Fielding W. Arnold, sole and presiding judge of the Court of Ordinary, in and for said county of Morgan, and State aforesaid, do hereby certify that the writing upon the half-sheet of paper hereto attached, contains a true copy of the last will and testament of Jesse Thomas, late of said county, deceased, as appears and remains of record in the books of my office; also of the receipts of William R. Thomas, trustee for Elizabeth Newsom and her heirs; and I do further

certify that the said Court of Ordinary is a Court of Record, and the court in which, by the laws of Georgia, such instruments are authorized and required to be recorded; and that I, the said Fielding W. Arnold, am the only presiding judge of said court, and now acting, and am both judge and clerk of said county, by the laws of Georgia; and that by the act of the legislature of said State of Georgia, the ordinary of each county of said State, is only to be known as ordinary.   That I am the clerk, and also presiding judge of said Court of Ordinary, and that the above certificate, and my attestation, is in due form of law.

[ L. S. ]    In testimony whereof, I have hereunto set my hand and the seal of said court and office, at office in the town of Madison, this the 13th day of December, A. D. 1853.

FIELDING W. ARNOLD, Ordinary

For the county of Morgan, in said State of Georgia."

The court overruled the objection, and the defendants excepted.

The plaintiff then proved, by two witnesses, that he received said slave Hannah, in the State of Georgia, as trustee under the provisions of said will; that in 1840, when said Elizabeth Newsom and her husband were about removing from Georgia to this State, he permitted them to bring said slave with them, to be used by said Elizabeth, under the provisions of said will,—they promising to retain the possession of said slave, and not to sell or dispose of her.   Plaintiff identified the slave Hannah, in possession of defendants, as the same so received by him and put in possession of Mrs. Newsom; and that the slave John was born after that time, and before the commencement of the suit ; and that since the suit was commenced, that said Hannah had given birth to another child which was in possession of defendants.   He also proved the separate value of each of said slaves; and that there were other children of said Jesse Thomas now surviving.

Defendants then introduced a bill of sale, executed and acknowledged according to the Act of 1846, in reference to the sale of the property of married women, by which Newsom and wife conveyed the slaves Hannah and John to them; and that said Newsom and wife had been in possession of said Hannah for three years,

in this State before said sale, and that they (the defendants) had paid a valuable consideration therefor.

The plaintiff then proved, by the sheriff of Leake county, that about the date of said bill of sale, the slaves, Hannah and John, were levied on at the instance of defendants, under an execution against Newsom, the husband; that he refused to sell unless indemnified, and that thereupon the defendants told Mrs. Newsom that unless she consented to a voluntary sale of said slaves, they would indemnify the sheriff and have them sold. That, thereupon, Mrs. Newsom and her husband executed the bill of sale given in evidence,—the consideration or purchase-money being $40 of her own debts, and the balance the debts of said James Newsom. The sheriff further proved that one of the defendants, before said sale, declared that he had examined the will of said Jesse Thomas, and that he was satisfied to buy said slaves, because they were not mentioned in it.

Verdict and judgment were rendered for the plaintiff, for the recovery of the slaves, Hannah and John, and the child born pending the suit, if to be had, and if not, for their alternate value, respectively.

The defendants made a motion for a new trial, which was overruled. To this action of the court they tendered another bill of exceptions, and sued out this writ of error.

*Daniel Mayes*, for plaintiffs in error.

*J. Bell*, on same side.

*H. A. H. Lawson*, for defendant in error.

FISHER, J., delivered the opinion of the court.

The plaintiff below brought this suit in the Circuit Court of Leake county, to recover certain slaves in the possession of the defendants. For the purpose of sustaining his title, the plaintiff introduced as evidence an authenticated copy of the last will and testament of Jesse Thomas, deceased. The will appears to have been made in the State of Georgia, where the testator resided at

Jordan et al. *v.* Thomas.

the time of his death.   The counsel for the defendants below, objected to the introduction of the will as evidence, on the ground, as it may be supposed, that it does not appear to have been admitted to probate, before the proper court, and on the further ground, that the record is not certified according to the provisions of the act of congress on the subject.

It is true, that the order of court admitting the will to probate, does not contain that form and degree of certainty which ought to be observed in judicial proceedings.   Enough however appears, to show that the will was sufficiently established by a proceeding in the Court of Ordinary, for the county of Morgan, State of Georgia, for that purpose.   This order, together with the copy of the will is certified by the judge, who certifies that he is both judge and clerk of said court, and that his certificate is in due form of law. Holding the two offices under the laws of that State, he can of course make his certificate in both characters; and the certificate must be treated as if made by the clerk, and his official character and act certified by a distinct person, holding the office of judge of said court.

It is next said that the verdict and judgment are erroneous; because they award to the plaintiff a slave not embraced in the issue.   The facts in this connexion are these:—One of the female slaves, pending the suit gave birth to a child, which was embraced in the verdict of the jury and the judgment of the court.   Counsel contend that this child, not having an existence at the commencement of the suit, could neither then give to the plaintiff a cause of action, nor constitute part of the subject of litigation.

It may be true, as a general proposition, that things which did not exist at the commencement of the suit, could not be embraced in the judgment of the court.   But this rule, however correct it may be as a general rule, can have no application to that which is merely an incident of the subject-matter of the suit.   For instance, a suit may be commenced to enforce the payment of a debt, the day after it is due.   No interest has then accrued—yet interest is recovered—not that it existed when the suit was commenced, but because it is an incident to the subject-matter.   So in regard to the hire of slaves, to recover which an action is brought; and

indeed we may say in regard to every thing which is but an incident, or profits accruing pending the litigation. When, therefore, the jury determined the plaintiffs' right to the slave, they at the same time determined that which was incidental to the right. The title to the mother, carried with it a title to her offspring, when born. Having a right to recover the mother, the plaintiff could recover that which the mother produced pending the suit, and the only question which could arise, would be whether it was even necessary to name the offspring in the judgment of the court.

It is next said, that the complaint not setting forth the separate values of the slaves, the jury could not assess their separate values in their verdict. This may have been a ground for a demurrer, but is cured by the verdict.

Leaving out of view the question as to the will, there is other testimony which in our opinion is amply sufficient to sustain the verdict.

Judgment affirmed.

NOTE.—See, on the subject of the authentication of records from sister States, where the judge and clerk are the same person, *Stuart* v. *Swanzy*, 12 S. & M. 684; S. C. 1 Cushm. 502.

As to what is sufficient probate of a will, see *Fatheree* v. *Lawrence*, 30 Miss. R. 416.