## IN THE MATTER OF THE ESTATE OF HOWARD.

No petition is required as the foundation of a proceeding to probate a will; a petition is only necessary under the statute where the executor named therein accepts the trust, and then not for jurisdictional purposes.

The jurisdiction in a proceeding to probate a will depends upon certain facts which the Court, on reviewing the will, must inquire into and determine; and the mere possession of the will vests the Court with all the authority necessary for that purpose.

APPEAL from the Probate Court of San Francisco.

The facts are stated in the opinion.

*Sidney L. Johnson,* for Appellants.

The question is, did the Court acquire jurisdiction of the subject matter of the probate of the will of the deceased without the allegation of the residence of the testator in the county. The two cases of *Beckett* v. *Selover* (7 Cal. 215) and *Haynes* v. *Meeks* (10 Id. 110) show that such allegation is indispensable in applications for administration. In cases of probate of wills, the mere filing of the will in Court having jurisdiction is said to be equivalent to such allegation and to be all that the statute requires. In *Irwin* v. *Scriber* (18 Cal. 499) the doctrines of the opinion of Justice Burnett, in *Beckett* v. *Selover*, were somewhat limited; and in the second case of *Haynes* v. *Meeks* (20 Cal. 288) those of the first case above cited were discredited, although binding in the

In Matter of Estate of Howard.

particular case.   None of them decided the point here presented.
In *Abila* v. *Padilla* (14 Cal. 103) the absence of any proof of
citation of the heirs was held to be cured by the appearance and
answer of the heirs.

In *Stuart* v. *Allen* (16 Cal. 473, 501) the effect of the aver-
ments of a petition asking an order for the sale of real estate was
considered.   The case of *Gregory* v. *McPherson* (13 Cal. 562,
577) was cited, but the opinion referred to being that of one of
the Justices only, was held not to be authoritative, although not
contravened by anything in the decision of *Stuart* v. *Allen*.   In
the former case, Mr. Justice Baldwin held the averment of cer-
tain facts indispensable to the exercise of jurisdiction.   In *Stuart*
v. *Allen* the petition was held to comply in substance with the
requirements of the statute.   At the same time it is remarked,
" that it is immaterial, so far as this question of jurisdiction is con-
cerned, whether the statements of this petition are true or not; the
jurisdiction resting upon the averments of the petition, not upon
proof of them."

Again, it is objected to the applicability of these cases, that the
Court was governed in them by the express requirements of the
statute, and that in the case at bar no statute required more than
was done.

Reference is made by the counsel for respondents to the case *In
the Matter of the Will of Warfield* (22 Cal. 52).   In that case the
petition was lost, and the question was the admissibility and suffi-
ciency of the secondary evidence to show that a proper petition had
been presented.   It was denied that the probate of the will had been
asked for, and it was found upon the secondary evidence that the
probate of the will and the issuance of letters testamentary had
been asked for in compliance with Secs. 5 and 6 of the statute.
Nothing is said in the opinion upon the necessity of any other aver-
ments.

In *Townsend* v. *Gordon* (19 Cal. 188) the averments of a peti-
tion for the sale of real estate were held fatally defective, and the
rule of a strict construction of the proceedings of our Court of
Probate, prior to the Act of 1858, was adhered to.   That act,
changing the rule of construction, is said to have no application to

proceedings taken before its passage. To the same effect is the decision in *Gregory* v. *Taber* (19 Cal. 397).

*Hoge & Wilson,* for Respondents.

COPE, C. J. delivered the opinion of the Court, NORTON, J. and CROCKER, J. concurring.

This is an appeal from a judgment of the Probate Court of the City and County of San Francisco. The only question raised is whether the will of the deceased was properly probated, so as to give the Court jurisdiction of the estate. The petition of the executors, presented with the will, and praying its admission to probate, omits to state that the testator died in the County of San Francisco, and this omission is supposed to be fatal to the proceedings. It is claimed that the petition should have set forth the facts necessary to give the Court jurisdiction of the case, and that the admission of a will to probate upon a petition defective in this respect is void.

We have made a careful examination of the provisions of the statute under which the will was probated, and we are of opinion that no petition was required as the foundation of the proceeding. Sec. 4 of the statute (Wood's Dig. 372) provides that "Any person having the custody of any will, shall, within thirty days after he shall have knowledge of the death of the testator, deliver it into the Probate Court having jurisdiction of the case, or to the person named in the will as executor." Sec. 5 provides that "Any person named as executor in any will shall, within thirty days after the death of the testator, or within thirty days after he has knowledge that he is named as executor, present the will, if in his possession, to the Probate Court which has jurisdiction." Sec. 6 provides that " If he intends to decline the trust, he shall at the same time file his renunciation in writing; if he intends to accept, he shall present with the will a petition praying that the will be admitted to probate, and that letters testamentary be issued to him." Sec. 13 provides that " When any will shall have come into the possession of the Probate Court, the Court shall appoint a time for proving it," etc.

It is obvious that neither of these sections contemplates the pre-

sentation of a petition as the means of giving the Court jurisdiction, and it is only in the case of an executor who intends to accept the trust that a petition is required. It is required in such case, however, not for jurisdictional purposes, but as information to the Court of his willingness to accept the trust; and so far as the jurisdiction is concerned, its presentation is an immaterial matter. The jurisdiction depends upon certain facts, which, on receiving the will, the Court must inquire into and determine, and the mere possession of the will vests the Court with all the authority necessary for that purpose. In the present case, the proof shows that the will was presented to the proper Court, and we are of opinion that its admission to probate was regular and valid.

Judgment affirmed.