In the Matter of the Estate of JAMES TAGGART, Deceased.

*(Surrogate's Court, Orange County, Filed September 11, 1891.)*

1. EXECUTORS AND ADMINISTRATORS—ADMINISTRATION.

    Administration cannot be granted where the deceased left a document purporting to be a will until the question of the validity of the will has been disposed of, notwithstanding the declared purpose of the next of kin not to offer it for probate.

2. SAME—PROOF OF WILL TO AVOID ADMINISTRATION.

    No obligation rests on the next of kin to bring the will to probate in order to avoid administration being taken, but a creditor of deceased who seeks letters of administration may, if he so desires, bring proceedings for probate to determine the validity of such will.

Application for letters of administration by a creditor of deceased, who died November 29, 1890. From statement of counsel it appears that on the 31st day of August, 1883, the deceased executed a will, but subsequently transferred all his property, so that, apparently, no property remains to pass by the will. The petitioner, desiring to attach the transfer, asks for the appointment of a representative of the estate, so that he may bring suit for that purpose.

E. A. Brewster, for James Wrigley, creditor; W. D. Dickey, for next of kin.

COLEMAN, S.—Petitioner in this case applies for letters by administration as a creditor of the deceased, to which application the next of kin object, alleging that the deceased did not die intestate, and produce and file with their answer a document purporting to be the last will and testament of the deceased, and ask that these proceedings be dismissed.

The petitioner, however, urges that the proceedings should not be dismissed until it is made to appear that a will has been admitted to probate, and that only an adjournment can be properly applied for by the next of kin, to give them time in which to prove the will, and that failing to so apply, and having stated in open court that they do not intend to offer the will for probate, letters should now be granted as prayed for.

After reflection, I conclude that, it having been shown to this court that the deceased left a document purporting to be a will, administration cannot be granted until the question of the validity of the will has been disposed of, notwithstanding the declared purpose not to offer it for probate.

That no obligation rests upon the next of kin to bring the will to probate in order to avoid administration being taken upon the estate.

That the will cannot properly be probated in these proceedings.

And that the petitioner may, if he so desires, bring proceedings for the probate of the will, sec. 2614, Code of Civ. Pro., and an adjournment, if it is desired, will be made of these proceedings for that purpose; otherwise these proceedings will be dismissed, with twenty-five dollars costs and disbursements, to be taxed, to be paid to the petitioner from the estate by any executor or administrator hereafter appointed.