JOHN SEERY, JR., Administrator, with will annexed, v. ANNA L. MURRAY *et al.*, Appellants.

**Executor and Administrator:** COLLATERAL ATTACK. The validity of the appointment of an administrator with the will annexed cannot not be collaterally attacked in an action by him to recover assets of the estate.

JURISDICTION TO PROBATE WILL. No written petition asking for the probate of a will is necessary to give the court jurisdiction to appoint an administrator with the will annexed, under Code 1873, section 2338, providing that any person having the custody of a will shall, on the testator's death, file it with the clerk, who shall open and read the same, and sections 2340, 2341, requiring the clerk, without any other formality being prescribed, to give notice and take all other steps for its probate.

SETTLEMENT BY HEIRS. An assignment by the heirs at law to devisees, without the probate of the will, of all their interest in the estate, is not conclusive against the right of an administrator with the will annexed to recover the assets of the estate, although there are no creditors, especially where the assignment is attacked for fraud, under Code 1873, sections 2338, 2339, requiring the filing of a will for probate and fixing penalty for failure, and section 2353, providing that the will cannot be carried into effect until duly probated.

CLAIMS.  That there are no claims against a decedent's estate cannot be judicially determined before the expiration of the year allowed by the statute for filing claims.

BOND BY DEVISEE.  Code 1873, section 2396, providing that any person interested in a decedent's estate may prevent a sale of it by giving a bond to pay all demands against the estate, to the extent of the value of the property, does not apply to an action by an heir to recover property alleged to have been unlawfully siezed by a a devisee.

COURTS: DIFFERENT JUDGES.  A judge is not required to indorse or follow the rulings of another judge under whom prior proceedings in the same action have been had.

*Appeal from Jones District Court.*—HON. H. M. REMLEY, Judge.

FRIDAY, JANUARY 27, 1899.

ACTION by plaintiff to recover certain assets of the estate of his testator, which it is charged defendants have unlawfully seized and kept.  There was a trial to a jury, and, under direction of the court, a verdict against defendants Anna L. Murray and Bertha Seery.  From a judgment thereon, they appeal.—*Affirmed.*

*F. O. Ellison, J. C. Kelly,* and *D. A. Wynkoop,* for appellants.

*Sheean & McCarn* and *Alphons Matthews* for appellee.

WATERMAN, J.—John Seery died in Jones county, on March 1, 1895, leaving the following will: "I, John Seery, Sr., in the county of Jones and state of Iowa, farmer, being of sound mind and disposing memory, do make, publish, and declare this to be my last will and testament.  And as to my worldly estate, real and personal, consisting of my farm of three hundred and twenty acres, more or less, situated on section seventeen, Washington township, Jones county; also twenty acres of timber land situated on section nineteen, Washington township; also twenty acres timber land situated

on section thirteen, Richland township,—all in Jones county; and all the appurtenances thereunto belonging, consisting of all live stock, farming machinery, and produce, also the household furniture,—I give and bequeath all that is contained herein to my daughter Anna and my son Francis, conjointly. [Signed] John Seery, Sr." Plaintiff is a son of testator, and this action is brought against Anna L. Murray, nee Seery, Bertha Seery, widow of Francis Seery, and one H. L. Dehner, cashier of the Cascade Bank. There were other children of deceased, but, for reasons that will appear, they are not parties hereto. Anna L. Murray and Francis Seery, the deceased husband of Bertha Seery, are the devisees named in the will. The property that is the subject of the action consists of two certificates of deposit in the Cascade Bank, payable to testator, and also a promissory note in his favor. The value of this property is not controverted. It was found by the trial court to be seven thousand two hundred and fourteen dollars and twenty-three cents. The charge made by plaintiff is that the will was suppressed by defendants, and that the devisees named therein, with the connivance of Dehner, secured possession of said property. The defendants claim that Anna L. Murray and Francis Seery, named in the will, were entitled by its terms to the property in question; that Bertha, the widow of Francis Seery, deceased, is, by the terms of his will, entitled to the whole of his estate. It is further claimed on behalf of defendants that there are no debts of the estate of John Seery; and that to enable the devisees to secure their property therein without the expense or trouble of probate proceedings, after the death of said Seery, Sr., they procured from each of the other children and heirs at law, including plaintiff, an assignment in writing of all interest in said estate; and that possession of the property in dispute was then taken. By a reply, the making of such assignment by plaintiff is admitted; but it is alleged that it was procured by fraud; that the will was concealed and its contents

unknown to plaintiff; and that defendants falsely repre-
sented to him that the will gave them the property in ques-
tion, when in truth and in fact it does not. After the assign-
ments mentioned were made, the will came to light; and on
March 16, 1896, it was probated in the district court of
Jones county, and plaintiff was appointed administrator of
the estate with the will annexed, and duly qualified as such.
Thereafter, on May 24, 1896, this action was begun. Defend-
ants Anna L. Murray and Bertha Seery seem to claim title
to the property in question, both under the will of John
Seery and under the assignments from the other heirs at law.
But while there appears to be a difference of opinion between
the parties as to the construction of the will, with relation
to whether the property in suit is included in the
devise therein made, the matter is not argued, and
we shall pass that question without deciding it. The
fact is that the record comes to us in such a state of elaborate
confusion that it has taken more time to discover the issues
and state the facts than should have been required to decide
the case.

I.   Defendants attempt to put in issue the validity of
plaintiff's appointment as administrator. A question of that
kind can ordinarily be raised in a direct proceeding only.
His right or authority cannot be made the subject
of a collateral attack, such as is here attempted. *Lees
v. Wetmore,* 58 Iowa, 170; *Murphy v. Creighton,* 45
Iowa, 179. But it is said by defendants that the district
court lacked jurisdiction to make the appointment, and that
a jurisdictional question can be raised in any manner and
at any time. The foundation for this claim is that
no written petition was filed asking for the probate
of the will, and it is thought that this was necessary
to give the court jurisdiction. There is no statute requiring
a petition to be filed. We know that it has been the general
practice in this state to proceed, as was done in this case,
without any written application. This construction given

the statute generally by the profession, while not authoritative, is at least a strong argument against the position assumed by defendants. The Code of 1873 (section 2338) provides that "any person having the custody of a will shall, upon the death of the testator, file it with the clerk, who shall open and read the same." And, following this, sections 2340 and 2341 require the clerk, without any other formality being prescribed, to give notice and take all other steps for its probate. We know of no reason that will warrant us in adding anything to the statutory requirements. In California the statute is similar to our own, in that it does not expressly require that a petition for probate of a will be filed; and it is there held that a petition is not necessary in order to give the court jurisdiction. *In re Howard's Estate,* 22 Cal., 395.

II. The next point sought by defendants to be made is that, there being no creditors of this estate, the heirs had a right to settle it without the intervention of the probate court; and the case of *Christe v. Railway Co.,* 104 Iowa, 707, is relied upon as sustaining this position. The differences between the cases are not only numerous, but patent. We will say, first, that the most that can be claimed for the *Christe Case* is that it holds that, in the absence of creditors, an estate may be settled without the intervention of an administrator, if the heirs can agree. In the case at bar those claiming an interest do not agree. It is distinctly charged that what is set up as an agreement of settlement is fraudulent and void. Next, the estate in the *Christe Case* was that of an intestate; here there is a will. We have no statute requiring the appointment of an administrator of an intestate estate; but there is a provision requiring the filing of a will for probate, and fixing a penalty for a failure so to do. Code 1873, sections 2338, 2339. Again, the inherent differences in the character of the estates would seem to make necessary a difference in the ruling on a question of this kind. In cases of intestacy the heirs take by

law, but in testate estates those entitled take by gift through the will. Under our statute, a will cannot be carried into effect until duly probated. Section 2353. And it has been elsewhere held, as a general rule of the common law, that no court can give effect to a will not probated. *Kinnebrew v. Kinnebrew's Adm'rs.*, 35 Ala., 638. It is further said that one cannot claim title through a will unless it is probated *Hawkins' Adm'r v. Dumas,* 41 Ala. 391; and, again, that, until a will has been probated, it cannot be read in evidence in any court. *Rogers v. Stevens,* 8 Ind. 464; *Fotheree v. Lawrence,* 30 Miss., 416; *Swazey v. Blackman,* 8 Ohio, 5; *Kerr v. Moon's Devisees,* 9 Wheat., 566; *Shumway v. Holbrook,* 1 Pick., 114. Some authority can be found, under statutes differing from ours, for saying that the parties interested under a will may, by agreement, dispense with its probate, and secure a different disposition of the property, in order to avert family controversy. *Stringfellow v. Early,* (Tex. Civ. App.), 40 S. W. Rep. 871. But even under this rule, defendants would not be aided, for the agreement here is assailed for fraud by plaintiff, who claims an interest in the property. Where there is a controversy, we do not see how, without probate, it can be determined who is entitled to share in the estate. Finally, we did not hold in the *Christe Case* that the appointment of the administrator was invalid, or that he could not proceed to settle the estate, further than that he could not collect a claim which had already been paid to those entitled. Under our statute, we think the holding is required that devisees are entitled to nothing save as they derive rights under a probated will. With their rights under an assignment challenged for fraud, and with no rights that can be asserted under the will, unless it is properly proven, we cannot see that appellants have any standing to object to the settlement of the estate in the usual and proper manner.

There is still another objection to the position taken by defendants. This action was brought before the expira-

tion of the time for filing claims, and the judgment of the trial court was rendered within the year following the date of plaintiff's appointment as administrator. So, although defendants assert that there are no claims against the estate of John Seery, that fact could not have been judicially established at the time the district court was called upon to pronounce judgment.

III. Some of these proceedings were had before another judge than the one from whose decision the appeal is taken; and it is made a ground of complaint by defendants that the latter did not indorse or follow the rulings of his colleague. He was not obliged to do so. *Richman v. Supervisors,* 77 Iowa, 513.

IV. In conclusion, defendants urge that the court erred in not accepting a bond which was tendered by them, conditioned for the return of the property, if required. Section 2396, Code 1873, is relied upon in support of this claim. That section has no application to cases of this kind. We may say also on this point that we do not find, among the errors assigned, any which presents this question. An additional assignment, which was filed by appellant, and intended doubtless to supply this defect, does not comply with the rules. We discover no error in the proceedings of the district court, and its judgment is therefore AFFIRMED.