[L. A. No. 2188. In Bank.—July 30, 1908.]

## In the Matter of the Estate of WALTER M. EDWARDS, Deceased. SARAH EDWARDS, Appellant.

ESTATES OF DECEASED PERSONS—LETTERS OF ADMINISTRATION—EXISTENCE OF PURPORTED WILL — DETERMINATION OF TESTAMENTARY CHARACTER OF INSTRUMENT—POSTPONEMENT OF APPLICATION FOR LETTERS OF ADMINISTRATION.—Where in an application for general letters of administration upon the estate of a deceased person it is made to appear that the deceased left an instrument testamentary in character and executed with the formalities required by law, which had not been offered for probate, the court should not, upon such application hear and determine the question of the validity or invalidity of such instrument, and, as it shall determine, grant, or refuse to grant general letters of administration. It is its duty, upon such a showing, to postpone the consideration of the application for letters of administration until, in the appropriate proceeding provided by law for the proving of a will, the question of the validity or invalidity of the instrument shall have been determined.

ID.—PETITION FOR PROBATE OF WILL—PETITIONER NEED NOT BE INTERESTED IN SUSTAINING VALIDITY.—The purpose of a petition for the probate of a will is to give jurisdiction to the court, and it is not necessary that the petitioner should be a person interested in sustaining its validity.

APPEAL from an order of the Superior Court of San Diego County denying an application for letters of administration of the estate of a deceased person. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Will H. Holcomb, and George H. P. Shaw, for Appellant.

Collier, Smith & Hoff, for Respondent.

HENSHAW, J.—The petitioner, in seeking letters of administration upon the estate of the deceased, set forth facts which indisputably entitled her to such letters, if the deceased died intestate. Upon this matter she alleged that deceased left a purported will, executed in due form, with certain codicils thereto; that the will and codicils were on file with the court. She then averred that at the time of the attempted execution and publication of the will and codicils, the deceased was insane and not of sound and disposing mind and memory, and that therefore he died intestate. Contest over the issuance of the letters was joined, upon the ground that the petition for letters disclosed the fact that instruments testamentary in character and executed with the formalities required by law were on file with the court, that they had not been presented to the court for probate, that no adjudication of their validity or invalidity had been made, and that by reason of the existence of these instruments, not as yet offered for probate, the court had not jurisdiction to determine the petition for letters of administration. After hearing the court so ruled and denied the petition for letters, and upon appeal the single question presented may be thus stated: Where it is made to appear that an instrument testamentary in character and executed with the formalities required by law has not been offered for probate, may a court, upon application for general letters of administration, hear and determine the question of the validity or invalidity of this instrument, and, as it shall determine, grant, or refuse to grant general letters of administration; or does it become the duty of the court, upon such a showing, to postpone the consideration of the application for letters of administration until, in the appropriate

proceeding provided by law for the proving of a will, the question of the validity or invalidity of the instrument shall have been determined? In effect, the latter was the course which the court adopted, and its determination we think was sound. Generally speaking, the law favors testacy to intestacy, and is zealous to see that the testamentary directions of a testator are fully complied with. Only in case of intestacy does the state distribute the property of the decedent under its laws of succession. The case here presented is one which, in the nature of things, will rarely arise. Evidence of this appears from the fact that it is the first time that it has arisen in the history of this state, and the researches of learned counsel have disclosed but two cases from other states where the matter has come before the courts. Where an instrument is in form a will, there will usually be somebody interested in maintaining its validity who will therefore petition the court to have it proved. Under our procedure such a petition seems necessary to confer upon the court jurisdiction to act (Code Civ. Proc., secs. 1299 et seq.), though under our earlier probate procedure no petition was required. (*In re Howard's Estate,* 22 Cal. 395.) Manifestly the petition for letters of administration in such a case as this, is presented by one in hostility to the asserted will. The notice required to be given (Code Civ. Proc., sec. 1373) is an entirely different notice from that required to be given upon petition for the proving of a will (Code Civ. Proc., secs. 1303, 1304). No notice is given to the executors, devisees, or legatees, or to any person who may be interested in supporting the alleged will. Upon the hearing therefore it may be assumed that no evidence will be forthcoming to substantiate the validity of the will, while evidence against that validity will be offered. The result may be foreseen. The court will be compelled to find against the validity of the instrument and to issue letters of administration, and while it may at once be conceded that such a determination would not be conclusive against those claiming an interest under the will, the practical result would be that an estate would go into the hands of an administrator antagonistic in interest to the will. Distribution of such an estate may readily be had in ten months, and after such distribution has become final, the difficulties standing in the way of a recovery of the property from the distributees are too ap-

parent to need enumeration. It is not necessary here to say that the court under such circumstances is without power to adjudicate the matter until after the determination of the validity or invalidity of the purported will under proceedings for the proving thereof. But it must be apparent, aside from the question of power, that the court should treat such a showing as equivalent to a plea in abatement, and at least suspend the hearing of the application for letters until the question of the validity of the will has been determined in appropriate proceedings. The law provides ample means for the protection of the estate until this shall have been accomplished. The situation presented is one which the law expressly contemplates may arise and which it meets by turning the custody of the estate for its preservation into the hands of a special administrator. It is the simple case of the delay in granting letters testamentary or of administration (Code Civ. Proc., sec. 1411). Nor need it be apprehended that the situation which appellant argues may result,—namely, a situation where nobody applies for the probate of a will, and therefore the estate forever remains unadministered,—will ever in fact occur. Some devisee or legatee, desirous of upholding the will, or some heir desirous of obtaining his share of the estate, in the event of intestacy, or even a creditor, will assuredly appear and present his petition to have the will proved. That a creditor may do so as a person "interested in the estate" will not, of course, be questioned (Code Civ. Proc., sec. 1299), and it is so expressly provided in New York, from the provisions of whose code so many of our probate enactments have been drawn. (N. Y. Code Civ. Proc., sec. 2614.) Nor are the apprehensions of appellant that one petitioning to have a will proved, while holding the belief that it is invalid, will thus stultify himself beyond rehabilitation, based upon any solid foundation in fact. Generally speaking, it is true that the person who petitions for the probate of a will is one interested in sustaining the validity of the proffered instrument, but it is by no means necessary that he should be such person. The purpose of the petition is to give jurisdiction to the court, and jurisdiction having been obtained it becomes the duty of the court, with or without contest, to take all necessary and proper evidence, not to the end of establishing the will, or *per contra*, not to the end of denying it probate, but to the end of determining whether or not it be a

legal expression of a testamentary intent upon the part of the deceased. It is not required that the petition be verified. The petition is merely a request to the court "to have the will proved," which means no more than that the court shall hear all evidence offered in proof or disproof of the will, and if upon any material matter there be a failure to offer evidence, the production of it shall be had at the instance of the court itself. Thus the sole question in controversy over the probate of a will may be whether the signature of the testator was forged, yet nevertheless, before admitting the will to probate, upon disproof of the forgery, the court must be satisfied, not only that the will was duly executed, but that the testator at the time of its execution was of sound and disposing mind, and not acting under duress, menace, fraud, or undue influence. (Code Civ. Proc., sec. 1317.) A creditor is in no sense interested in upholding a will. He is interested only in securing payment of his debt out of the assets of the estate. Yet he may petition for the probate of a will, his object in so petitioning being nothing more than to advance the administration of the estate to the end that he may be paid. No unseemly delay may therefore be feared, as has been said, in such a case. But, upon the other hand, there is the distinct gain that the decree of the validity or invalidity of the instrument will have been made in a proceeding especially designed for the purpose of determining that very fact, and that determination is a final, conclusive, and binding determination upon the whole world. During the delay which may result, the estate itself and its interests are being protected by a special administrator—an officer of the court, appointed by the court for this particular purpose. Such, it seems, must be the natural and orderly procedure, and for this reason, as we have said, aside from the question of the power of the court to hear and determine the matter in an application for letters of administration, it was clearly proper for it to postpone the hearing of the letters until the validity of the instrument in its custody, and executed with all the formalities of a will, had been determined in proceedings brought for that purpose.

It has been said that but two cases have been called to our attention bearing directly upon this matter. One, to which we have not access, declares, in the language of appellant's brief, that "administration will be granted, as in the case of in-

testacy, where the testator was insane when he made the will."
(*In re Goods of Rich*, (1892) Prob. Div. 143.)   Such un-
doubtedly would be the determination in this state, but the
question here before us is in what proceeding is the question
of insanity to be determined?   Much more nearly in point is
the New York case (*In re Taggert's Estate*, 16 N. Y. Supp.
514.)   It is there said: "On application for letters of adminis-
tration by a creditor of deceased, it having been shown to the
court by the next of kin that deceased left an instrument pur-
porting to be his will, administration cannot be granted until
the question of the validity of the will is disposed of in an
independent proceeding, although the next of kin declare their
purpose not to offer it for probate."   In that case the court
adopted what we think to be the correct rule.   It expressed
its willingness to postpone the consideration of the applica-
tion until after the hearing and determination in another pro-
ceeding of the question of the validity of the will.   But if
petitioner did not indicate that such was his wish, it ordered
that the proceedings should be dismissed.   In this case, if there
had been any expression of a willingness upon the part of
petitioner to have a postponement of the hearing of her peti-
tion, doubtless the court would have ordered it, but, under the
circumstances, it was justified in dismissing the petition.

The decree and judgment appealed from are therefore
affirmed.

Lorigan, J., Angellotti, J., and Sloss, J., concurred.

Rehearing denied.