In the Matter of the Estate of GABRIEL DE FONTARCE, Deceased.

Surrogate's Court, New York County, November 27, 1941.

*Parker & Duryee*, for the petitioner.

FOLEY, S. Application is made for letters of administration by a niece of the decedent upon the theory that the decedent died intestate.

The statement is set forth in her petition that she " has made diligent search and inquiry for a will of said deceased disposing of assets situated in the United States and has not found any such will." She further states that she has not obtained any information concerning any such will. It was further stated that an alleged will purporting to dispose of the decedent's English and Irish assets had been offered for probate in London, England, and a copy was attached to the petition. The decedent died in London, a non-resident of the United States.

The application for the present issuance of letters of administration is denied upon the state of the record because of the fact that there has been disclosed in the alleged English will (which is expressly limited to the disposition of his assets in England and Ireland) that " my will dealing with my general estate is deposited with Maitre Eymin, notary, of Rue Bellando, Monaco in the Principality of Monaco."

It is significant that this will is dated and is purported to have been executed on May 22, 1941. He died less than three weeks later on June 11, 1941. It is claimed that the Monaco will was revoked by an unattested writing of the decedent which is dated May 5, 1941, seventeen days before the formal declarations in his English will, which admit of but one inference, that the will disposing of his general estate in Monaco was still valid and effective. In any event the attempted revocation would be void under the law of New York because it was unattested and lacks the necessary elements of a valid instrument of revocation under our law. It was apparently executed in England where it would be equally ineffective as a revocation under English law. Its effect under the French law has not been developed.

Subdivision 1 of section 314 of the Surrogate's Court Act provides: " The word ' intestate,' signifies a person who died without leaving a valid will  *  *  *."

Under the law of our State, if it appears that there is a will in existence, although it may be claimed that the said will was revoked or for some other reason invalid, the surrogate will not grant letters of administration pending the necessary proceedings to determine whether or not the instrument in question is in fact the decedent's last will and testament. (*Matter of Cameron*, 47 App. Div. 120; affd., 166 N. Y. 610; *Bulkley* v. *Redmond*, 2 Bradf. 281; *Matter of Taggart*, 16 N. Y. Supp. 514.) Such has been the long-established and well-recognized procedure of this court. (*Matter of Cameron, supra.*)

Under the circumstances of the present application the possible existence of a valid will disposing of the general estate of the

decedent, including the assets in New York, may not be ignored. Although war time conditions may delay the obtaining of accurate information from the notary at Monaco it is important that the existence or non-existence of the will be established. It is likewise important, if it is in existence, to ascertain whether it is valid or invalid under the law of that principality. Its dispositions may be entirely contrary to the method of inheritance of the property here by intestate distributees of the decedent. Moreover, the situation is complicated because of the conflicting allegations contained in the petition and in the English will that the decedent was domiciled in England, or in Ireland or in France.

The petitioner should be able, by certificate of the notary in Monaco, properly authenticated, to obtain and establish the true facts as to the validity or invalidity of the will stated to have been filed with him there. The alternative method of procedure would be to apply for the issuance of a commission directed to a proper person or persons in Monaco with the same objectives. The attorneys for the petitioner are directed to proceed promptly with either of these alternatives. In the meanwhile, final disposition of the application will be held in abeyance.