200 Cal.App.2d 234 (1962)
Estate of JOSEPHINE M. OLSON, Deceased. THE SALVATION ARMY, Contestant and Appellant,
v.
ROLLAND ROHDE, as Executor, etc., Petitioner and Respondent.
Civ. No. 25848. 
California Court of Appeals. Second Dist., Div. Three. 
Feb. 13, 1962.
 Meserve, Mumper & Hughes and Karl L. Davis, Jr., for Contestant and Appellant.
 Baker, LeBel & McNairy and Robert M. Baker for Petitioner and Respondent.
 FRAMPTON, J. pro tem. [fn. *]
 This is an appeal from an order admitting will to probate and from that portion of the order denying probate to language found on an envelope, a copy of which was attached to the petition for probate of will.
 Josephine M. Olson died February 12, 1961, leaving an estate valued at approximately $369,000. This consisted of cash $99,000 and 3,500 shares of common stock in the Simonds Saw and Steel Company of the approximate value of $270,000. Upon opening her safe deposit box, there were found three pages of a typewritten will (pp. 1, 4, 5), signed and witnessed bearing date June 25, 1954, and a holographic will, written on both sides of one piece of paper and bearing date December 15, 1958. Both of the foregoing were contained in an envelope which had the following typewritten upon its face: "Copy of: Last Will and Testament of Josephine Marie Olson." The face and back of the envelope both contained handwriting which according to the evidence presented upon the hearing of the petition for probate of will, was that of the deceased.
 The three pages of the typewritten will, the holographic will and the envelope were filed with the county clerk for safe keeping and photostatic copies of the holographic will, envelope and pages 1 and 5 of the typewritten will were attached to the petition for probate of will together with a typewritten copy of the holographic will.
 The petition filed by deceased's nephew Rolland Rhode, alleges "That said deceased left a Will dated Dec. 15, 1958, which your petitioner alleges to be the last Will of said deceased, and which is presented herewith; that a copy of *236 said will is annexed to this petition, marked exhibit 'A.' " The printed paragraph 6 of the petition, relating to a conventional, witnessed will was crossed out and pursuant to the printed instruction on the form ("If an holograph will, so state and strike out paragraph 6."), a typewritten paragraph was substituted as follows: "6. That said will is entirely written, dated and signed in the handwriting of the testator." The petition concludes with the prayer "that the said Will may be admitted to probate, and that Letters Testamentary be issued to your petitioner, and that for that purpose a time be appointed for proving said Will and that due notice thereof be given according to law, and that all necessary and proper orders may be made in the premises."
 None of the documents attached to the petition was marked "exhibit A" nor were the documents as a whole so marked. The only other reference to them as Exhibit A is found in the affidavit of Rolland Rohde in support of the petition, wherein in one paragraph he refers to the holographic will dated December 15, 1958, as Exhibit A and later on he refers to Exhibit A as including the holographic will of December 15, 1958, the envelope and the typewritten will of June 25, 1954.
 After hearing the court entered its order in part as follows: "that the document heretofore filed, purporting to be the Last Will of said deceased, and consisting of a one-page document dated Monday, December 15, 1958, and containing writing on both sides, be admitted to probate as the Last Will of said deceased, and that all other documents contained in said petition be denied probate as the Last Will of said deceased; ..."
 Appellants urge that the envelope is testamentary in character in that the dispositive portions thereof were entirely written and dated in the handwriting of the decedent and that it bears her abbreviated signature; that under these circumstances it may properly be considered as a codicil to the will of December 15, 1958, or should be integrated therewith; that inasmuch as the petition failed to describe the envelope as a testamentary document to be offered for probate and the notice of hearing directed attention to the petition for particulars, such petition and notice presented no issue with respect to the admission to probate of the envelope and therefore the court was without jurisdiction to enter its order denying the admission of the envelope to probate.
 [1] "The proceeding for the probate of an estate is, under our statutes, in the nature of a proceeding in rem; and this being so, it has been frequently held that by the giving of *237 the notices directed by the statute the entire world is called before the court and the court acquires jurisdiction thereby over the estate and over all persons for the purpose of determining their rights to any portion of the estate, and that by virtue thereof every person who may assert any right or interest in said estate is required to present his claim to the court for its determination; and that whether he appear and present his claim or fail to so appear the action of the court is equally conclusive upon him [citations]. [2] On the other hand, it has been held that where, by reason of any defect in the procedure attending the issuance or giving of such constructive notice as is required to be given, either in probate or other cases, to give the court jurisdiction, the parties affected did not receive such constructive notice, all subsequent action of the court based thereon is subject to attack either in that or in a later equitable proceeding. Such are the cases of Dunlap v. Steere, 92 Cal. 344 [27 Am.St.Rep. 143, 16 L.R.A. 361, 28 P. 563]; Parsons v. Weis, 144 Cal. 420 [77 P. 1007]; and Doyle v. Hampton, 159 Cal. 733 [116 P. 39]; in each of which cases the procedure for acquiring jurisdiction over the parties affected by such constructive notice as was required to be given was defective." (Monk v. Morgan, 49 Cal.App. 154 [192 P. 1042] at p. 159.)
 [3] A probate court has no power to consider the legality of a will until it is properly brought before it by a petition for its probate. (Estate of Edwards, 154 Cal. 91 [97 P. 23].) The power to proceed therewith attaches upon the production of the will, unless it has been lost or destroyed (Prob. Code, 350 et seq.), and the filing of the petition pursuant to section 1300, Code of Civil Procedure (now Prob. Code, 326), and the publication of the notice provided for in section 1303 of that code (now Prob. Code, 327). (Murray v. Superior Court, 207 Cal. 381, 385 [278 P. 1033]; Stevens v. Torregano, 192 Cal.App.2d 105 at p. 121 [13 Cal.Rptr. 604].)
 The question then is whether the petition and the notice, which directed attention generally to the petition for particulars, were sufficient to place the issue of the testamentary character of the envelope before the court.
 [4] As heretofore shown, the petition specifically described the will being presented for probate as one bearing date December 15, 1958, and that it was entirely written, dated and signed in the handwriting of the testatrix. A copy of such will was attached to the petition. It is further alleged that "said will is annexed to this petition, marked exhibit *238 'A.' " No document or combination of documents attached to the petition were so marked. While it may be said that the petition and notice, by reference to the petition, were sufficient to place the issue of the holographic will of December 15, 1958, before the court, had it been the only document attached to the petition, such petition and notice under the circumstances were fatally defective to put in issue the validity of the other documents. Such other documents were not properly brought before the court by the petition and the notice.
 The ultimate issue to be determined is whether the holographic will alone, or that will together with the writing on the envelope, constitutes the will. This issue should be tried upon a proper petition, or petitions, in one proceeding. Under these circumstances and for the reasons herein stated, the order admitting the holographic will to probate and denying the admission to probate of all other documents contained in said petition, is reversed.
 Nothing herein said is to be construed as the expression of an opinion by this court on the validity of any of the documents as a will or a codicil.
 The foregoing disposition makes it unnecessary to pass on the question of denial of due process raised in appellant's brief.
 Shinn, P. J., and Ford, J., concurred.
NOTES
[fn. *] *. Assigned by Chairman of Judicial Council.