1 Cal.App.3d 212 (1969)
81 Cal. Rptr. 568
Estate of ROBERT A. DUNCAN, Deceased.
PATRICIA GENIAC, Petitioner and Appellant,
v.
RALPH KAPLAN, Objector and Respondent.
Docket No. 34576.
Court of Appeals of California, Second District, Division Three.
October 27, 1969.
*214 COUNSEL
Darling, Mack, Hall & Call and Mathew S. Rae, Jr., for Petitioner and Appellant.
Eric Rafter for Objector and Respondent.
OPINION
SCHWEITZER, J.
Appellant, daughter of decedent, filed a petition for letters of administration. Respondent, a stranger, named executor in a document claimed to be a holographic will, filed a petition for probate of the purported will and for letters testamentary. Both petitions came on for hearing on January 20, 1969. No evidence was offered, appellant arguing that the purported will was invalid on its face since it was not entirely written, dated and signed by the decedent. (Prob. Code, § 53.) Appellant relied on Estate of Bower, 11 Cal.2d 180 [78 P.2d 1012], respondent on Estate of Baker, 59 Cal.2d 680 [31 Cal. Rptr. 33, 381 P.2d 913], both dealing with the incorporation of printed material into holographic wills. Following argument the petitions were taken under submission. On January 21, 1969, the court by minute orders denied the petition for letters of administration, and apparently for the purpose of permitting appellant to file a contest before probate, continued the petition for probate of will and for letters testamentary to a future date.
Thereafter appellant filed a contest before probate alleging (1) that the will was not executed as required by law, (2) that the testator was not of sound and disposing mind, and (3) that the testator acted under fraud, duress and undue influence of named persons. The contest before probate and the petition for probate of will and for letters testamentary are still pending.
Appellant appeals from the minute order denying her petition for letters of administration, contending (1) that the holographic will was invalid on its face in that it incorporated printed matter therein, and (2) that as a result, the petition for probate thereof should have been denied and the petiton for letters of administration should have been granted.
*215 The minute orders of January 21, 1969, do not set forth the reasons for the court's action. No findings of fact or formal judgment were signed. (1) Although formerly findings of fact were required in contested probate proceedings unless waived (Estate of Hewitt, 160 Cal. App.2d 584, 586 [325 P.2d 113]), section 632, Code of Civil Procedure, applicable to probate proceedings by virtue of section 1230, Probate Code, no longer requires findings of fact unless requested. We are therefore confronted with a minute order denying a petition without knowing the reason for the denial. Appellant asks us to assume that her petition for letters of administration was denied because the trial court concluded the purported will was valid. Although the transcript of argument, there being no testimony or evidence, appears to support this conclusion, in the absence of evidence or findings of fact, we will not speculate as to the reason for the court's action. There might have been any of several other reasons why the petition for letters of administration was denied and the petition for probate of will was continued.
(2a) No evidence was introduced at the hearing on January 20, 1969. Each petition was verified and an affidavit of witness in proof of the purported holographic will was on file. (3) Verified petitions and affidavits may be considered as evidence only in uncontested probate proceedings. (Prob. Code, §§ 329 and 1233.) (2b) This was a contested hearing. In the absence of a stipulation, each allegation of the verified petitions and the facts in the affidavit filed in support of the will had to be established by competent evidence. If the court denied the petition for letters of administration because of its opinion that the holographic will was valid, it did so without any evidence of jurisdictional facts, handwriting of decedent or other essential allegations. This was error. If it denied the petition for any other reason, such action without evidence likewise constitutes reversible error.
Appellant asks us to determine on this appeal that as a matter of law the will is invalid. This appeal is from one minute order only, the order denying the petition for letters of administration. It is not an appeal from the minute order pertaining to the petition for probate of will. (4) Validity of a will should be determined in a hearing on the petition for its probate, not on a petition for letters of administration. (Estate of Edwards, 154 Cal. 91 [97 P. 23]; Estate of Olson, 200 Cal. App.2d 234, 237 [19 Cal. Rptr. 307].) Notice requirements for a hearing on a petition for probate of will are different from those for a hearing on a petition for letters of administration. (See Prob. Code, §§ 327 and 441.) (5) Since probate proceedings are in rem, even though interested persons stipulate to jurisdiction, the court cannot entertain jurisdiction and consider an issue not raised by a petition before the court.
(6) When there are two petitions for the appointment of a personal representative on file, "the court must hear the two petitions together." *216 (Italics added.) (Prob. Code, § 442.) Each then in effect would be a "backup" petition for the other. If for any reason one petition be denied, the court then has jurisdiction at the same hearing to determine the other petition. (Estate of Edwards, supra, 154 Cal. 91.)
(7) In the instant case both petitions and the will contest should be calendared together. The petition for probate of will and for letters testamentary and the contest should be heard and determined first. If the will be denied admission to probate, the petition for letters of administration should then be heard and determined. If the will be admitted to probate, the petition for letters of administration should be denied.
We reverse the order denying the petition for letters of administration, and direct the trial court to proceed as indicated herein.
Ford, P.J., and Allport, J., concurred.