[No. 9,406. Department Two.—August 1, 1884.]

CHARLES A. JOHNSON, APPELLANT, *v.* CHARLES K. KIRBY ET. AL., RESPONDENTS.

PLEADING—DEMURRER—MISJOINDER.—The plaintiff sued to obtain a transfer to him of certain shares of the stock of a corporation which one of the defendants had acquired from him through fraud. In the same action, he sought to recover other shares of the stock which had been sold to another defendant under an assessment fraudulently levied by the corporation. *Held,* that there was a misjoinder of causes of action.

APPEAL from a judgment of the Superior Court of the county of Nevada.

The judgment was on demurrer to the complaint. The facts appear in the opinion of the court.

*Cross & Simonds,* and *Geo. E. Church,* for Appellant.

*Lloyd & Wood,* for Respondents.

THORNTON, J.—Appeal by plaintiff from judgment. The action was against Charles K. Kirby, Mount Auburn Gold Quartz Mining Company, Maltby G. Lane, and Richard H. Lane. The court sustained the demurrer of defendant Kirby, of defendant the Mount Auburn Gold Quartz Mining Company, and of defendants M. G. Lane, and R. H. Lane, to the complaint, on the ground of misjoinder of parties defendant, and on the further ground that several causes of action have been improperly united.

Whether the court ruled correctly on these demurrers is the question to be considered and determined. It is averred in the complaint that Solomon Johnson was, on the 18th of August, 1879, the owner of twenty-nine thousand shares of the capital stock of the quartz company above mentioned (the whole of the stock of this company was divided into thirty thousand shares); that on that day he entered into a contract in writing with defendant Kirby, by which it was agreed that in consideration of the terms, covenants, etc., of a contract thereafter to be entered into with the above-named quartz company and Kirby, whereby the latter binds himself to sink a main working shaft upon the Mount Auburn Gold Quartz Ledge to the depth of four hundred feet, and to drive certain drifts, etc., and in further consideration of the sum of one thousand dollars received from Johnson, the latter sold and assigned to Kirby sixteen thousand shares of the stock above mentioned, and transferred these shares to the latter on the books of the defendant company. It was further agreed between the parties that if Kirby should discontinue the above-mentioned work and abandon its prosecution, that he should re-transfer to Johnson the aforesaid sixteen thousand shares of stock.

There are other terms in this contract, but they have no reference to the matters in dispute here.

The pleader then proceeds to set out the contract in writing between the defendant corporation and Kirby, above referred to, by which the latter agrees to do the work above stated, in consideration of the rock and ore which he may obtain and take from the mine in doing the aforesaid work on it, the company to be at no expense for doing said work further than the rock and ore above referred to. It is further agreed that Kirby may discontinue the work whenever he chooses, without any liability for damages to the company for non-completion of the work.

In pursuance of Johnson's agreement with Kirby, the former assigned and transferred to Kirby on the books of the company, the sixteen thousand shares of stock aforesaid; Kirby commenced the work, did not complete it, afterwards abandoned it, and refused to perform it, whereby it is averred Kirby became liable to re-assign and re-transfer the shares aforesaid to the successor in interest of Solomon Johnson.

It will be observed that the above relates to the sixteen thousand shares of stock sold, assigned, and transferred by Solomon Johnson to defendant Kirby.

The pleader then proceeds to aver that by the assignment of the sixteen thousand shares of stock to Kirby, the latter became the owner of a majority of the stock of the corporation defendant, and thereby acquired control of its affairs and officers; that he (Kirby) elected or caused to be elected new officers who were under his control, and caused the corporation to acknowledge full performance of the contract with it, when in fact only a small portion of the work required by it had been done, and by virtue of his control of the affairs of the corporation obtained as above stated, caused and procured an assessment to be attempted to be levied of twenty-five cents a share on its stock; that a notice of this assessment was published, and thereafter a notice of sale of the thirteen thousand shares of the stock of Solomon Johnson was published and the stock sold by the corporation to pay said pretended assessment, and bought by it on the 26th of July, 1880; that thereafter the corporation sold the thirteen thousand shares to defendants Maltby G. Lane and R. H. Lane, and to other parties whose names are unknown to plaintiff, or caused

a stock dividend to be made, "and caused the same to be trans-ferred on the books of the company, and thereby Kirby became possessed of the benefits of said stock;" that this assessment was void; that it was levied for the purpose of paying Kirby the costs and expenses incurred by him in doing the work upon the mine, which Kirby had agreed to do in consideration of the shares of stock assigned to him by Solomon Johnson; that on the 18th day of May, 1880, Solomon Johnson died; that up to the time of his death he was the owner of said thirteen thou-sand shares of stock, and of the reversionary right expressed in his contract to the sixteen thousand shares transferred to Kirby; that the value of all the foregoing stock is, and ever since the making of the contract between Kirby and Johnson has been, two dollars per share; that Solomon Johnson died testate, and under his will all his rights in and to all of said shares of stock have vested in the plaintiff.

As to this investiture of rights in the plaintiff, full averments are made. The legal effect of these only is stated above. As no question arises on them, it is unnecessaay to state them more fully.

It is further alleged that the defendant corporation and its officers refuse to acknowledge the plaintiff as having an interest in the stock of the company, have cancelled the certificates issued to Solomon Johnson, and in lieu thereof have issued certificates of stock to defendants M. G. Lane and R. H. Lane, and other parties whose names are unknown to plaintiff; that M. G. and R. H. Lane are in possession of and pretend to be the owners of the certificates of stock issued in lieu of the thirteen thou-sand shares and of the sixteen thousand shares above mentioned, and are by the company recognized and treated as the owners of the said shares; that the Lanes took this stock with a full knowledge of all the facts hereinbefore stated, and that plaintiff is the rightful owner thereof; that Kirby has done all the acts herein alleged, since the making of the two contracts in writing above stated, for the purpose of defrauding Solomon Johnson and his successors in interest of their rights to and in this stock, and that thereby plaintiff has suffered damage in the sum of fifty-six thousand dollars.

The prayer is that Kirby be adjudged to re-assign to plaintiff all the certificates and shares of stock owned by him or under

his control, formerly the property of Solomon Johnson; that the Lanes be likewise adjudged to re-assign the shares held by them to plaintiff, and that the company be decreed to enter upon the proper books the plaintiff as owner of such shares, and issue to him certificates therefor; that, if such relief cannot be had, then the plaintiff recover from defendant Kirby such sum of money in damages as he may be entitled to, and for other and further relief.

The facts set forth, as above detailed, relate to a transaction in regard to sixteen thousand shares of stock, and another one in regard to thirteen thousand shares. These shares are all stock of the same company, the corporation defendant. As to the transaction in regard to the sixteen thousand shares, the title passed to Kirby under the contract with Solomon Johnson. It is so distinctly expressed, as will be seen above. Not having complied, and having refused to comply with his contract with Solomon Johnson, he was bound to re-assign to Johnson. After his non-compliance, he became a trustee as to such stock for Solomon Johnson and the plaintiff holding under him as his successo

As the Lanes claim to own this stock, and are in possession of the certificates of these shares, and as the defendant corporation has allowed these shares to be transferred on its books to Kirby, has cancelled the certificates of these shares to Johnson, recognizes and treats the Lanes as the owners of them, and refuses to recognize plaintiff's rights in them, as successor of Solomon Johnson, we think the Lanes and the corporation are proper parties defendant with Kirby to this action as regards the sixteen thousand shares. If the Lanes became the owners of these shares by purchase, they became so with notice of all the facts which charged Kirby as trustee, and therefore they may be joined with Kirby as defendants. (Perry Trusts, § 877; *Putnam* v. *Lamphier*, 36 Cal. 153–158.) The corporation is a proper party defendant to compel a transfer on its books to plaintiff, and the issuance of a certificate of the shares to him, to which, under the facts alleged, he is entitled.

But as to the thirteen thousand shares, it appears that they were sold by the company for non-payment of an assessment, were purchased by the company, and by it sold to the Lanes.

The Lanes are charged to have purchased this stock of the company with full knowledge of the facts in relation to the levy of the assessment under which it was sold and purchased by the corporation, and also of the fact that this assessment was levied for the purpose of paying to Kirby the costs and expenses incurred by him in doing the work on the quartz ledge above stated, for which nothing was due him. It does not appear that this purpose of paying Kirby was carried out. It is not averred that any money realized on this sale or purchase by the Lanes was paid to Kirby. It may have been used for the legitimate purpose of having the mine worked, or of paying the debts of the company. We cannot say or hold that levying an assessment to pay a debt which the corporation did not owe, and selling stock for such purpose, especially when it does not appear that the money was so used, is a fraud.

It is also averred that this assessment was not levied in accordance with law, and is void; but the defendants insist that it is valid, and treat it as valid. The pleader does not state any fact showing or tending to show that the assessment was not made in accordance with law, or that it is not valid. It is stated in the complaint as matter of law, as a legal conclusion. A demurrer only admits such facts to be true as are well pleaded. It does not admit matter of law or legal conclusions. Such averment, then, goes for nothing. We cannot take it into consideration in deciding the questions in this cause. Nor can we take into consideration the averment that the company sold the thirteen thousand shares of stock to the Lanes, and thereby Kirby became possessed of the benefits of this stock. It is not alleged in what mode he became possessed of these benefits. It is not averred that the Lanes were Kirby under another name; that they were in fact Kirby himself. It is not stated that Kirby became in any way the owner of the shares, but became possessed of benefits. What these benefits are does not appear. That he became possessed of benefits is a legal conclusion. No facts are alleged, and therefore none are admitted by the demurrants.

After the averment of knowledge on the part of the Lanes, there is an averment that all the acts of Kirby, subsequent to the making of the two contracts in writing, were performed with the intent to defraud Solomon Johnson and his successors in

interest of the shares of stock above mentioned ; but there is no allegation that the Lanes knew of such intent or colluded with him to carry it into execution.   Nor is it averred that the Lanes bought this stock (the thirteen thousand shares) with intent to defraud anyone.

Under these circumstances the Lanes are purchasers of this stock from the company, who purchased under an assessment, which does not appear to have been invalid.   They are not purchasers from Kirby, and if Kirby acted with fraudulent intent, it does not appear that they knew of it.   We cannot see, then, that Kirby has any connection with the Lanes in this transaction, or that he is a proper party to any suit against the Lanes in regard to it.   Kirby is therefore improperly joined as a party defendant with the Lanes and the corporation defendant, in the suit as regards the transaction relating to the thirteen thousand shares. As it is sought to compel the corporation to enter plaintiff on its books as owner of these shares, and to issue to him a certificate therefor, we think the company is properly made a defendant with the Lanes as regards the action against them.

As Kirby is improperly joined as a defendant in regard to the thirteen thousand shares, two causes of action are improperly united, viz., one relating to the sixteen thousand shares of stock, and another relating to the thirteen thousand shares.   As the causes of action do not affect the same parties, they cannot be properly united.   (Code Civ. Proc. § 427.)

We cannot hold with the contention of counsel for appellant, that Solomon Johnson placed the franchises of defendant corporation in Kirby's hands *in trust* for any purpose whatever. We find no such declaration of trust averred, nor can we perceive from the allegations of the complaint, that any such trust arose by operation of law.   Moreover, Solomon Johnson was not the owner of such franchises, and could not convey or assign them in trust.   His ownership of a majority of the stock did not make him the owner of such franchises.   If such fact made him the owner of the franchises, an owner of the majority of the stock of a corporation would be a trustee of the other stockholders. We know of no rule of law that would justify any such conclusion.

Judgment affirmed.

MYRICK, J., and SHARPSTEIN, J., concurred.