SOUTHERN NATIONAL BANK v. GERMANIA MANUFACTURING COMPANY AND ATLANTIC TRUST AND BANKING COMPANY, TRUSTEE.

(Filed 30 October, 1918.)

**1. Trusts and Trustees—Deeds and Conveyances—Mortgages—Corporations —Receivers—Courts.**

Where a corporation is insolvent has ceased to do business for a term of years and is permanently closed down, with the property constantly depreciating and inadequate to pay its bonded debt, a receiver will be appointed, at the suit of the bondholders, with an order of sale; and where the bonds are held by one person or corporation, provisions in the deed of trust requiring a concurrence in writing of a certain number of bondholders, or inserted merely for the protection or direction of the trustee or to safeguard the interest of minority bondholders, are immaterial.

**2. Same—Equity—Sales.**

The equity jurisdiction of our courts over mortgages and deed in trust securing a debt cannot be taken away or injuriously limited by any agreement therein of the parties as to sale and redemption, the power of sale in the instrument being regarded as a cumulative remedy, and the provisions of the instrument are given consideration and effect only in the adjustment of the equities involved.

ACTION tried at chambers, before *Lyon, J.,* at April Term, 1918, of NEW HANOVER, upon complaint and demurrer interposed by defendant Trust Company. No answer or demurrer was filed by the Germania Manufacturing Company. The judge overruled the demurrer and, no application being made for time to answer, appointed a receiver and entered a decree of foreclosure. Defendant appealed.

*John D. Bellamy & Son for plaintiff.*
*Robert Ruark for defendants.*

BROWN, J.   The relief sought is for the appointment of a receiver and foreclosure of a deed of trust made by defendant Germania Manufacturing Company to Atlantic Trust and Banking Company to secure an issue of bonds of $50,000.

The grounds for the appointment of a receiver are:

1. Insolvency of the company.

2. Had ceased to do business for a term of years and had closed down permanently.

3. That the mortgaged property was greatly inadequate to pay the debt and constantly depreciating.

The court found these facts to be true, appointed a receiver, and directed a foreclosure by the receiver as a commissioner.

The Manufacturing Company did not answer or demur.   The Trust Company demurred on ground that the action could not be maintained because the complaint failed to set out that the provisions of the deed in trust in regard to foreclosure had been complied with.

There are certain provisions in the deed that require a concurrence of one-third of the bondholders in requesting a foreclosure, which must be in writing, otherwise the trustee is not compelled to act.   The bondholders must also indemnify the trustee as to expenses, etc.   It is needless to set out in full all of these provisions.   They were evidently inserted in the deed for the protection and direction of the trustee and to safeguard the minority bondholders from a sacrifice of the property. As it is alleged in the complaint that plaintiff is the owner of the entire issue of bonds, some of these provisions have now no force.

The Courts have sustained provisions in deeds in trust restricting the right of one bondholder to sue for foreclosure upon default of the corporation, and requiring the concurrence of a certain number of bondholders, and also provisions for the protection of the trustees, and the like.   But none of those protective provisions intended to safeguard all bondholders can be brought in question here, as plaintiffs owns all the bonds and is not asking the aid of the trustee, but is seeking relief through the courts.   There is no provision in the deed that undertakes to deprive plaintiff of such right, and if there was it would be void.

Courts of equity have inherent original jurisdiction over the subject of mortgages and deeds in trust securing a debt, both for the foreclosure and redemption of them, and such jurisdiction cannot be taken away or injuriously limited by any agreements of the parties embodied in the instrument.   This is substantially the principle of law laid down by text-writers and Courts.   2 Jones on Mortgages, sec. 1443; *Guaranty*

*Trust Co. v. R. R. Co.,* 139 U. S., 137; *Reinhardt v. Tel. Co.,* 71 N. J. Eq., 77.

Such provisions are regarded as an attempt to contract away the established legal remedies which every man is entitled to. 3 Cook on Corp., sec. 804.

The power of sale is said by Jones, sec. 1773, to be merely a cumulative remedy and does not exclude the jurisdiction of the Courts. This is the view taken by our own Court in *McLarty v. Urquhart,* 153 N. C., 339, and in *Jones v. Williams,* 155 N. C., 179.

In the latter case *Mr. Justice Walker* quotes with approval what is said in *McLarty v. Urquhart* and adds: "The Court acts under its general equity jurisdiction and proceeds to grant relief irrespective of the stipulations contained in the power of sale. It pursues its own course and practice without any restraint by reason of the power of sale contained in the deed, so as to administer the rights of the parties according to law and its own equitable procedure, acting under its own powers and jurisdiction and not by virtue of any contractual power given in the mortgage or deed of trust."

While the courts will not allow their jurisdiction to be taken away or curtailed by contract, they all recognize the right of bondholders to agree among themselves (and to embody such agreement in the instrument) upon which conditions the right of foreclosure may be exercised by an individual bondholder. Such provisions are deemed *stricti juris,* but are allowed and reasonably construed in view of the nature of the security and the interest of the bondholders as a class. They do not oust the jurisdiction of the courts, but are merely the imposition of certain conditions upon each bondholder in respect to his right to seek foreclosure. Such stipulations are valuable sometimes in preventing a sacrifice of the property and the destruction of the corporation. *Seibert v. Minn. & St. L. R. R.,* 20 L. R. A., 536, and notes.

No answer having been filed, and as the demurrer concedes the truth of the allegations of the verified complaint, the right of plaintiff to have a receiver appointed is manifest.

The judgment of the Superior Court is

Affirmed.