[Civ. No. 1379. Fourth Appellate District.—April 11, 1935.]

In the Matter of the Estate of W. I. BURNETT, Deceased. LUCENA BURNETT, Appellant, v. G. C. BURNETT, as Executor, etc., et al., Respondents.

Robert B. Gaylord and W. R. Bailey for Appellant.

Russell & Heid for Respondents.

MARKS, J.—This is an appeal from a decree of distribution rendered in the matter of the estate of W. I. Burnett, deceased. At the time of the argument each party made a motion for diminution of the record. It will be necessary to decide these motions first in order that we may determine what record is before us. It may not be out of place to state that the questions involved on this appeal are so novel that on our own motion we ordered up the entire

original record so that we might satisfy ourselves on the facts from an inspection of the original files.

■ Appellant has moved for a diminution of the record on appeal by adding thereto a copy of the petition for probate of the will of deceased and a certificate of the county clerk of Tulare County which is evidently offered to establish the fact, if such it be, that no witnesses were sworn or testified at the time of the hearing of the petition for distribution. The petition for the probate of the will is a proper part of the record and is of value to us in deciding the questions presented. The certificate of the county clerk is no proper part of the record and we know of no law or rule of court permitting us to consider it. (Sec. 1242, Probate Code.) The motion for diminution of the record, by adding thereto this certificate of the county clerk, is denied. The motion for diminution of the record by adding thereto a duly certified copy of the petition to probate the will of deceased is granted, and the certified copy thereof presented with the motion is ordered filed and made a part of the record on appeal.

Respondents have moved for a diminution by adding a certified copy of the certificate of proof of will and facts found, and a certified copy of an order of the court below made on March 4, 1935, correcting its minutes of September 3, 1929, and its order admitting the will of deceased to probate made and filed on the same day. The order presented here recites that it was made for the purpose of correcting the minutes and order of September 3d, so as to make "the same conform to the order as actually made by the court in open court".

■ There was no contest of the will or wills of deceased. Under these circumstances a certificate of proof of will and facts found was unnecessary. (*Estate of Henderson,* 196 Cal. 623 [238 Pac. 938].) The motion for diminution of the record by the filing of this document is denied. ■ The motion for diminution of the record by adding thereto a duly certified copy of the order of the court below correcting its minutes and its order admitting the will of deceased to probate is granted and the certified copy thereof presented with the motion is ordered filed and made part of the record on appeal. We find the contents of this order

valuable to us in deciding the questions presented. The granting of this portion of this motion shall not be construed as holding that the minutes of the trial court form any proper part of this record on appeal or that the court below had authority *nunc pro tunc* to modify its formal order admitting the will to probate after the elapse of more than six years from the date of the original order sought to be corrected. These questions are not properly before us on this appeal. ▋ The question of the general power of the court to make such an order in a proper case· cannot ordinarily be considered on an appeal from a decree of distribution. An order admitting a will to probate is of itself an appealable order (sec. 1240, Probate Code), and where not appealed from and where no contest is filed, it becomes final (*Estate of Moeller*, 199 Cal. 705 [251 Pac. 311]), where the question of the jurisdiction of the court to make the order is not involved. (*Monk* v. *Morgan*, 49 Cal. App. 154 [192 Pac. 1042].)

W. I. Burnett died on August 5, 1929, leaving property in Tulare County. On August 14, 1929, G. C. Burnett filed his petition seeking probate of what was described in the petition as ''a will bearing date the 24th day of December, 1915, and a codicil thereto bearing date the 16th day of October, 1925, which your petitioner alleges to be the last will and testament and codicil thereto of said decedent''. The two documents thus described were filed on the same day and the clerk set the petition for hearing on August 26, 1929, and gave the notice of hearing in accordance with the requirements of section 1303 of the Code of Civil Procedure then in force.

On August 16, 1929, a third document was filed. It was dated May 5, 1927, and purported to be the last will and testament of deceased. The petition to probate the other two instruments was not amended and no petition to probate this last will was filed nor was any notice of any hearing of its probate, other than the one we have mentioned, ever given. The hearing on the original petition for probate of the two testamentary documents of the earlier date was continued on August 26th, to September 3, 1929, when it was had. The original order admitting the will to probate contains the following: ''Now comes the petitioner, G. C.

Burnett, by Messrs. Russell & Heid, his Attorneys, and proves to the satisfaction of the Court that the time for hearing the petition of the Will herein filed on the 14th day of August, 1929, was, by the Clerk, duly set for the 26th day of August, 1929, and was regularly continued to this time and that notice of said hearing has been duly given as required by law, . . . It is, therefore, hereby ORDERED, ADJUDGED and DECREED by the Court that said W. I. Burnett died on or about the 5th day of August, 1929, leaving Estate in the State of California; that he was then a resident of the County of Tulare, State of California, and that the instruments in writing hereinbefore filed, purporting to be his last will and a codicil thereto, and so alleged to be in said petition, be admitted to probate as such; . . . "

This order as amended by the *nunc pro tunc* order of March 4, 1935, contains the following: "Now comes the petitioner, G. C. Burnett, by Messrs. Russell & Heid, his Attorneys, and proves to the satisfaction of the Court that the time for hearing the Petition of the Will herein filed on the 14th day of August, 1929, was, by the Clerk, duly set for the 26th day of August, 1929, and was regularly continued to this time and that notice of said hearing has been duly given as required by law, . . . It is, therefore, hereby ORDERED, ADJUDGED and DECREED by the Court that said W. I. Burnett died on or about the 5th day of August, 1929, leaving Estate in the State of California; that he was then a resident of the County of Tulare, State of California, and that the instruments in writing hereinbefore filed, and dated respectively October 16, 1925, and May 5, 1927, purporting to be his last will and a codicil thereto be admitted to probate as such; . . . "

The three testamentary documents involved here are as follows:

"Tulare December 24 1915

"This is to certify that I, W I Burnett on this 24 day of December 1915 have set my hand & seal do make my last will and Testament do will & set aside ½ one half of all my property both real & personal property to my wife Lacena Burnett to hold & have controle for ever after my Death this is done without any undue influence

"WILLIAM ISHAM BURNETT."

"Oct 16 1925

"This is to certify that I have this day Willed my ½ one half of lots 15 & 16 in in block 128 also ½ of lots 21 & 22 in block 70 all in Tulare City allso I appoint G. C. Burnett my administrator of my Estate all approved by me this day Oct 16 1925

"W. I. Burnett"

"Tulare May 5 192

"This is my last will and testament .

"I have deded to my wife lots 14 & 15 in block 135 one half interest in same also one half interest in lots 21 & 22 in block 70 all in Tulare the other half to my Ayers G C Burnett Grace Rosson C L Burnett Roy Burnett C M Burnett also Anne & A. H. Burnett Junor and all other property to be divided Equally beteen my wife and ayers mentioned in this will

"W. I. Burnett

"May 5 1927"

The decree of distribution from which this appeal is taken was made in accordance with the construction the court below placed upon the terms of the will of May 5, 1927. The question originally presented on appeal was whether Lucena Burnett, the widow of deceased, was entitled to one-half or one-eighth of the property disposed of by this will. This question has now become one of secondary importance and the main problem before us is whether the will of May 5, 1927, was ever admitted to probate.

In 1929 the provisions governing the admission of wills to probate were contained in sections 1298 to 1310, inclusive, of the Code of Civil Procedure. Under these sections proceedings to probate the estate of one dying testate were initiated by the filing of a petition to probate the will. Section 1303 of this code contained the following: "When the petition is filed, and the will produced, the clerk of the court must set the petition for hearing by the court upon some day not less than ten nor more than thirty days from the production of the will." It should be observed that this section did not require the clerk to set a petition for hearing nor to give the notice, until the petition for probate was filed and a will produced. Section 1304 of the same code provided for the notice to be given the heirs of deceased,

the devisees and legatees, and the executor named in the will. Section 1306 of that code provided that at the hearing of the petition the court must require proof that notice of hearing had been given, and proof of the will.

It has been said that "The probate of the will and the administration of the estate is in the nature of a proceeding *in rem.* (*King* v. *Chase,* 129 Cal. 420, 425 [115 Pac. 207]; 11 Cal. Jur., p. 236.) The power to proceed therewith attaches upon the production of the will and the filing of the petition pursuant to section 1300 of the Code of Civil Procedure and the publication of the notice provided for in section 1303 of that code." (*Murray* v. *Superior Court,* 207 Cal. 381 [278 Pac. 1033].) In *Estate of Edwards,* 154 Cal. 91 [97 Pac. 23], it was held that a probate court had no power to consider the legality of a will until it was regularly brought before it by a petition for its probate. (See, also, *Nicholson* v. *Leathem,* 28 Cal. App. 597 [153 Pac. 965, 155 Pac. 98].)

As no petition was ever filed seeking the admission to probate of the will of May 5, 1927, the court below had no power to make an order admitting it to probate. It follows that the portion of the *nunc pro tunc* order of March 5, 1935, which purported to amend the order of September 3, 1929, and admit the will of May 5, 1927, to probate was void as being beyond the jurisdiction of the court to make. The jurisdiction of the superior court sitting in probate is latent until aroused from dormancy by the filing of a petition to probate a will or appoint an administrator of an estate.

On August 14, 1929, the clerk fixed August 26th, as the day for hearing the petition and proving the will. The original record discloses the fact that the notice of proving the will was dated August 14, 1929, and was first published in the "Tulare Daily Advance-Register" on August 15, 1929. The affidavit of mailing the notice recites that the notices were mailed on August 15, 1929. No other notice of the time of proving the will was given in so far as the original record discloses. The will of May 5, 1927, was not filed until August 16, 1929. The notices published and mailed on the fifteenth could hardly have been intended to give any notice of the time of proving a will which was not on file and which was not mentioned or described in the petition.

In *Monk* v. *Morgan*, 49 Cal. App. 154 [192 Pac. 1042], it is said: ''The proceeding for the probate of an estate is, under our statutes, in the nature of a proceeding *in rem;* and this being so, it has been frequently held that by the giving of the notices directed by the statute the entire world is called before the court and the court acquires jurisdiction thereby over the estate and over all persons for the purpose of determining their rights to any portion of the estate, and that by virtue thereof every person who may assert any right or interest in said estate is required to present his claim to the court for its determination; and that whether he appear and present his claim or fail to so appear the action of the court is equally conclusive upon him. (Citing cases.) On the other hand, it has been held that where, by reason of any defect in the procedure attending the issuance or giving of such constructive notice as is required to be given, either in probate or other cases, to give the court jurisdiction, the parties affected did not receive such constructive notice, all subsequent action of the court based thereon is subject to attack either in that or in a later equitable proceeding. Such are the cases of *Dunlap* v. *Steere*, 92 Cal. 344 [27 Am. St. Rep. 143, 16 L. R. A. 361, 28 Pac. 563]; *Parsons* v. *Weis*, 144 Cal. [410] 420 [77 Pac. 1007]; and *Doyle* v. *Hampton*, 159 Cal. [729] 733 [116 Pac. 39]; in each of which cases the procedure for acquiring jurisdiction over the parties affected by such constructive notice as was required to be given was defective.''

In what has just been said, we have not overlooked the rule laid down in many cases concerning the presumption that a required notice has been given. In *Estate of Twombley*, 120 Cal. 350 [52 Pac. 815], this rule is announced: ''The rule in this respect is, that where the record recites that which was done nothing to the contrary may be presumed; but where the record is silent the presumption is that that was done which was requisite to sustain the jurisdiction.'' This rule has been followed without deviation in all cases where its applicability is apparent. Under the facts of the instant case the clerk was not required to give any notice of the time set for the proof of the will of May 5, 1927, as no petition to probate it had been filed. He was not even required to fix a day for such a hearing.

(Sec. 1303, Code Civ. Proc., in effect in 1929.) We do not believe that the rule regarding the presumption of notice having been given should be extended to include a notice which the law did not authorize the clerk to give and which would not have been effective for any purpose as no petition to probate the will in question had been filed.

■ As the decree of distribution in question here is based on the provisions of the will of May 5, 1927, and as that document had never been admitted to probate and was not properly before the court below (*Estate of Christensen,* 135 Cal. 674 [68 Pac. 112]), it could furnish no basis upon which distribution of the property of the estate could be made. It follows that the decree of distribution must be reversed.

■ Respondents suggest that the law does not require that the will be filed concurrently with the petition for its probate, and that as the will was filed on August 16, 1929, the order admitting it to probate was proper. This argument would be sound had the petition to probate the will included the latest will and had the proper notice of the time and place of hearing the petition been given. The petition did not mention or describe this will, but particularly described the testamentary documents dated December 24, 1915, and October 16, 1925, both of which were filed concurrently with the petition which omitted all reference to the latest will.

■ As we have observed, the question originally involved on this appeal was a construction of the terms of the will of May 5, 1927. As this will was never admitted to probate it was not properly before the court below and is not properly before us. Any opinion we might express on the construction of the language of this document would be *dicta* of the worst kind. (*Estate of Cobb,* 49 Cal. 599.)

The decree of distribution is reversed.

Barnard, P. J., and Jennings, J., concurred.