[Civ. No. S. C. 23. Second Appellate District, Division One.—January 25, 1937.]

CALLIE HALL, as Administratrix, etc., Respondent, v. LOUIS N. ALEXANDER, Appellant.

D. Joseph Coyne for Appellant.

Hubert W. Swender for Respondent.

WHITE, J., *pro tem.*—This is an appeal by defendant from a judgment in favor of plaintiff, administratrix of the estate of a deceased person, in an action filed by such administratrix for the reformation of a promissory note. The note in question was executed and delivered to the deceased person by the defendant on March 18, 1934, and according to its terms was to be paid one year from that date. The payee of the note died on or about June 27, 1934, and in due course the note came into the possession of the respondent upon her qualifying as administratrix of the estate of the payee. The action was filed by respondent, in her representative capacity as administratrix, to reform the note in order that the same would read for $500 instead of $50, the cause of action being based upon the theory that appellant had deceived the deceased payee by inserting in the note $50, when in truth and in fact he had received from the deceased payee and had agreed to pay the latter $500.

Appellant urges a reversal of the judgment upon the ground that the complaint upon which this action was based does not state a cause of action, for the reason that respondent, in her representative capacity, was without any claim of right, title or interest, legal or equitable, in the note in question, investing her with the right to maintain an action to revise or reform a written agreement, and that only the heirs at law of the deceased payee, as aggrieved

persons, could maintain a suit for the reformation of the note.

This contention of appellant is without merit. Section 581 of the Probate Code provides that the executor or administrator is entitled to the possession of all real or personal property of the decedent, and section 573 authorizes such personal representative to institute action for the recovery of any property, real or personal, or for the possession thereof, or to determine any adverse claim thereon, and provides further, that all actions founded upon contracts may be maintained by or against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates. These sections and the provisions of others pertinent to the subject contemplate that transfers of property of deceased persons shall be effected by means of administration under the control and orders of the probate court, acting under and pursuant to provisions of law designed to protect the rights and interests, not only of the estate of the decedent, but of all persons interested therein, whether creditors, claimants, heirs or legatees. To restrict the bringing of an action such as the one now before us to an heir would lead to inevitable confusion and inconvenience. There might be legatees under a will, or heirs other than the one suing, or creditors of the decedent, entitled to such money in payment of their claims, none of whom would be affected by the judgment. Assuming that an action were brought by an heir or devisee, and upon issue joined upon all the allegations of the complaint, judgment had been rendered for the defendant, such action would be ineffectual as a plea in bar to an action against the same defendant for the same property brought by the administrator of the estate. One having possession of money or property of a decedent at the time of the latter's death should not, at the suit of an heir, be called upon, at his peril, to deliver or pay it over, unless it is conclusively established for all time that there was no will, no legatees, no creditors of the estate, and no other heirs, without all of which he could not be exempt from liability, and not unless a judgment therein rendered in his favor would protect him in subsequent litigation for the same property by other heirs or the personal representative of the deceased. (*Holland* v. *McCarthy,* 177 Cal. 507,

509 [171 Pac. 421].) As was said in *Grattan* v. *Wiggins,* 23 Cal. 16 (quoting from the syllabus) : ''A debt due to the intestate is a personalty, and does not descend to the heir like realty, but vests in the administrator, who has the sole right to maintain actions to collect the same.'' To this point the case was cited with approval in *Robertson* v. *Burrell,* 110 Cal. 568 [42 Pac. 1086], where the court says: ''Nor can the heir by any act of his own strip the representative of any of his rights or relieve him from the performance of any of his duties. The heir may sell his interest, but the administrator still has control of the property sold for the payment of debts and the general purposes of administration. The heir cannot bring an action to enforce payments or collect debts; and even when he attempts to do so by suing in his individual capacity as executor, the right of action not being in both, but in the executor alone, a demurrer will be sustained.'' To the same effect is *Buchanan* v. *Buchanan,* 75 N. J. Eq. 274 [71 Atl. 745, 138 Am. St. Rep. 563, 20 Ann. Cas. 91, 22 L. R. A. (N. S.) 454], where it is held that the next of kin of a decedent have no standing in a court of law or equity to maintain an action for the recovery of property alleged to belong to the estate of their decedent. This action, therefore, could be maintained only by the qualified personal representative of the decedent.

■ Appellant next contends that there is an insufficiency of evidence to sustain the judgment, and while appellant has not directed our attention to any portion of the testimony, we have, nevertheless, read the transcript of the evidence, and find therein testimony of sufficient substantiality, if believed by the court, to amply sustain the findings and the judgment predicated thereon. As to the question of the sufficiency of the evidence to sustain the findings, we are bound by the well-established rule that the decision of the trial court upon issues of fact is conclusive upon us in so far as there is any substantial evidence tending fairly to support such decision, even though we might think that a different conclusion should have been arrived at. The trial court was the exclusive judge of all questions of credibility of witnesses and weight of evidence, and must be assumed to have considered all the evidence in the light of such rules as are laid down by the law for the guidance of court and jury in the determination of questions of fact.

For the foregoing reasons, the judgment appealed from is affirmed.

York, Acting P. J., and Doran, J., concurred.