[L. A. No. 15987. In Bank.—February 26, 1937.]

FRED H. DIETZEL et al., Respondents, v. LOU ANGER et al., Appellants.

Loeb, Walker & Loeb, Herman F. Selvin, Guy Richards Crump, Mark S. Feiler, Roy W. Colegate, Frank P. Doherty, William R. Gallagher and Harry G. Sadicoff for Appellants.

G. C. O'Connell and Victor E. Shaw for Respondents.

Stearns, Luce, Forward & Swing, Edgar A. Luce, Gibson, Dunn & Crutcher, H. F. Prince and Frederic H. Sturdy, *Amici Curiae* on Behalf of Respondents.

LANGDON, J.—This is an appeal by defendants from a judgment rendered against them in an action brought by plaintiffs to enforce stockholders' liability. The facts were stipulated, and the only question is one of law.

Southern California Realty Corporation issued bonds in 1930, in the principal sum of $85,000, secured by a trust indenture to a corporate trustee, Union Trust Company of San Diego. In 1932, the issuing corporation made default in payments, and under the provisions of the instrument accelerating maturity, the trustee declared the entire unpaid balance, amounting to $78,000 plus interest, immediately due. Plaintiffs are the members of a bondholders' committee, and in this capacity have become the holders of all of the outstanding bonds of this particular issue. They brought this action against defendants, stockholders of the issuing corporation, to recover on the former constitutional and statutory proportional stockholders' liability for corporate debts. In the trial court the defendants objected that the suit was not maintainable because by the express provisions of the trust indenture and the bonds all rights of action arising therefrom were vested in the trustee, and bondholders were prohibited from suing except after prior demand upon the trustee, and its refusal to proceed. No such demand had been made by any of the plaintiffs. The court held that plaintiffs were nevertheless entitled to sue, and on this appeal by defendants the only issue is whether the instruments have validly denied such power.

The trust indenture provides: "All rights of action *on or because of the bonds* issued hereunder . . . and all rights of action under this indenture are hereby expressly declared to be *vested exclusively in the Trustee,* except only as hereinafter provided; and such rights may be enforced by the Trustee without the possession of any of the bonds issued hereunder . . . Any suit or· proceeding instituted by the Trustee shall be brought in its name as Trustee, and any recovery or judgment shall be for the *pro rata* benefit of the holders of the bonds issued hereunder . . . " It further declares that *no bondholder* shall have the right to institute "any suit, action or proceeding at law or in equity, upon or in respect of this indenture" unless prior written notice is given to the trustee of default, and unless the holders of twenty-five per cent of the bonds make written request to the trustee and give it a reasonable opportunity to act. The trustee is appointed "the *agent and attorney of the holders of the bonds* and coupons . . . to preserve or enforce the liability of the Company and/or *any or all of its stockholders* in respect of this indenture and/or of the bonds issued hereunder . . . " The following exception is made: Provided, however, that nothing contained herein shall defeat the right of an individual bondholder to pursue his legal or equitable remedy where his right of action arises out of collusion, fraud, gross negligence or willful misconduct."

The bonds refer to the trust indenture and provide that a bondholder, upon acceptance of the bond, assents to the terms and conditions of the trust indenture.

In so far as these provisions relate to the trust indenture and deal with actions involving the security, there is no doubt either as to their applicability or their validity. Actions to foreclose, or other suits concerning the security, must be brought by the trustee, who not only is given the exclusive right to sue, but also has the legal title to the property. This point is well settled and is not questioned.

But the present suit does not relate to the security, and it is not against the issuing corporation. It is a personal action against the stockholders to recover a liability imposed by statute in favor of any creditor, whether or not the creditor had any security for his obligation. And in this connection plaintiffs point to the fact that, though the trustee has legal title to the security, the bondholders are the payees and therefore the legal owners of the chose in action evidenced by

the bonds. They accordingly contend that the bondholders are the real parties in interest, and the sole persons permitted to sue. (See Code Civ. Proc., sec. 367.) The authorities support the general proposition that the mere right to sue cannot be vested in one who has no legal or equitable interest in the claim sued upon, and a provision in a contract purporting to give such a right may under some circumstances be deemed invalid, because the law and not the agreement determines who has the right to sue. Following this view, a few cases have held restrictive provisions void as an attempt to "oust the jurisdiction of the courts". (See *In re A. J. Ellis, Inc.*, 242 Fed. 156; *Mackay* v. *Randolph Macon Coal Co.*, 178 Fed. 881.)

While the foregoing proposition, namely, that the bare right to sue cannot by contract be exclusively given to one without an interest in the claim and thus denied to the owner of the claim, is in general correct, only a small minority of the decisions have held it controlling in determining the validity of the "non-action" clause in corporate bonds. Such clauses, prohibiting action by a bondholder unless the trustee refuses to sue, are quite common, and have been before the courts on numerous occasions. The great majority of the cases hold the restrictive provision valid on the theory that the bondholders have, by agreement among themselves, imposed a condition precedent to the exercise of the right of any one of them to sue individually. The decisions are doubtless influenced by the salutary purposes of the provision, which are, first, to protect the corporate debtor against a multiplicity of suits by individual bondholders, and, second, to protect the bondholders as a class by requiring one suit to be brought by a single representative for the benefit of all. The provision is, in view of these purposes, of benefit to both the corporation and the bondholders, and the policy of the courts has therefore been to sustain it against such a technical objection as discussed above. It would seem that the restriction on the rights of the bondholders, and the vesting of broad rights of action in the trustee, has the effect of making the latter a trustee of the chose in action represented by the bonds, in the instances in which he is authorized to sue. But whether or not this be the correct theory upon which the restrictive provision may be explained, its validity must now be considered as established by the great weight of authority. (See *Carson* v. *Long-Bell Lumber Co.*, 73 Fed. (2d) 397;

*Lidgerwood* v. *Hale & Kilburn Corp.*, 47 Fed. (2d) 318;
*Craig* v. *Consolidated Cement Corp.*, 69 Fed. (2d) 613; *Allan*
v. *Moline Plow Co.*, 14 Fed. (2d) 912; *In re International
Match Corp.*, 3 Fed. Supp. 445; *Jones* v. *Atlantic & W. R.
Co.*, 193 N. C. 590 [137 S. E. 706] ; *Schoeler* v. *Chancery Lane
Corp.*, 10 N. J. Misc. 932 [161 Atl. 644] ; *Moody* v. *Pacific
S. S. Co.*, 174 Wash, 256 [24 Pac. (2d) 609] ; 2 Jones, Bonds
and Bond Securities, 4th ed., 1935, sec. 811; notes, 27 Columb.
L. Rev. 579; 41 Yale L. J. 312; 46 Harv. L. Rev. 313, note
28.)

Approving, as we do, this general rule, the next question is
whether the action to enforce stockholders' liability comes
within the terms of the restrictive provision. Such an action
differs in one important respect from the usual suit to which
the restriction is applied, for it is not against the issuing cor-
poration. But the same reasons of policy are present, for
numerous suits by individual bondholders against stockholders
would be an unreasonable burden on the stockholders, and
would operate to the injury of those bondholders not repre-
sented in the action. The restrictive clause in the instrument
before us applies not only to a suit *on* the bonds, but to any
action ''because of the bonds'', and the trustee is expressly
authorized, as the agent and attorney of the bondholders, to
take necessary or proper steps to enforce the liability of the
issuing corporation *or its stockholders*. The provision seems
clearly intended to cover actions based upon stockholders'
liability. Such liability did not arise from the statute alone,
and could not exist were it not for the bonds. It is, there-
fore, based upon the bonds, and exists ''because of the bonds''.
(See *Babbitt* v. *Read*, 236 Fed. 42; *Continental Corp.* v.
*Gowdy*, 283 Mass. 204 [186 N. E. 244, 87 A. L. R. 1039].)

It is true that courts have occasionally refused to enforce
the restrictions where the circumstances made it inequitable
to do so, for example, where the debtor corporation gained
control of such a substantial portion of the bonds that it was
in a position to hinder or defeat the efforts of other bond-
holders to demand action by the trustee. (*Brown* v. *Denver
Omnibus & Cab Co.*, 254 Fed. 560, 569; see, also, 41 Yale L. J.
774; 27 Columb. L. Rev. 579; 2 Jones, Bonds and Bond
Securities, sec. 1153, p. 561.) But no such circumstances
are presented here. The record discloses no reason for the
failure to call upon the trustee to sue, and there is no attempt
to show that he would have been unwilling or unable to assert

all of plaintiffs' rights. We have found one case holding that a suit may be brought by the owner of all the outstanding bonds, disregarding the trustee (*Southern Nat. Bank* v. *Germania Mfg. Co.*, 176 N. C. 318 [97 S. E. 1], but a recent federal decision holds directly to the contrary (*Central States Life Ins. Co.* v. *Koplar Co.*, 80 Fed. (2d) 754), and we believe that the reasoning of this latter decision is conclusive.

The judgment is reversed.

Shenk, J., Thompson, J., Seawell, J., Curtis, J., Edmonds, J., and Waste, C. J., concurred.

Rehearing denied.