[Civ. No. 6057. Third Appellate District.—December 12, 1938.]

KATHRYN MAU, Respondent, v. RUFUS M. McMANA-MAN et al., Appellants.

Paul Overton and R. G. Blanchard for Appellants.

Alvan M. Palmer and Earl G. Read for Respondent.

PULLEN, P. J.—Plaintiff, as an heir of Isaiah W. Mc-Manaman, brought this action by virtue of section 581 of the Probate Code to quiet title and to determine adverse interests to certain parcels of land in the county of Los Angeles.

The complaint alleges that the three brothers of plaintiff, fraudulently taking advantage of the weakened mental condition of their father, obtained from him a conveyance of practically his entire estate thereby violating not only the trust imposed by the fiduciary relationship of father and sons but also an express agreement between the father and his children that in consideration of a conveyance by the children to him of their interest in the estate under their mother's will he would devise all of his property to them in equal shares. As to the execution of the agreement the court found:

"After the death of Emma Catherine McManaman and in order to avoid a partition of her interest in the real property described in paragraph I hereof, plaintiff and her said brothers, on December 31st, 1931, entered into a written agreement with their father, whereby they conveyed to him their respective interests in their mother's estate in consideration of his promise to make a Will and to thereby devise and bequeath to them, share and share alike, all property of which he was possessed. . . . At the time said agreement was entered into it was the intention of the parties thereto that Isaiah W. McManaman, now deceased, should have the free use and management of all of the said property during his lifetime, but that he would not dispose thereof by gift or for less than full consideration, or in any way favor any of his children at the expense of the others, and that he would devise and bequeath to his said children, share and share alike, all of the property of which he was then possessed and seized, or the fruits and products thereof. Pursuant to said agreement, and the intention of the parties thereto, said Isaiah W. McManaman, on December 31st, 1931, made and executed his Last Will and Testament, devising

and bequeathing to his said four children, share and share alike, all of the property of which he was possessed.'' About one year after this agreement McManaman made the attempted conveyance to the sons, which is the subject of this litigation.

The several answers of the defendants denied the allegations of the complaint bearing upon the question of undue influence and fraud, and also denied any violation of the agreement entered into, setting out that the agreement of the father was to devise to his children all the property of which he might die possessed, and that it did not prevent him from conveying, as he did, any of his property, during his lifetime.

Trial was by the court, which found that the real property in question was a part of the estate of Isaiah W. McManaman, deceased, and subject to the regular course of administration, and that the deed to the sons should be cancelled and of no effect.

This appeal, prosecuted by one of the brothers only, is upon the judgment roll, and contends, first, that no cause of action existed on behalf of the estate, and that the judgment is not supported by the findings in that there is no finding of fraud, undue influence, duress or incompetency of deceased, and that the court erred in holding that the conveyance was in violation of the contract.

As to the first point section 581 of the Probate Code, formerly section 1452 of the Code of Civil Procedure, seems to warrant the filing of the complaint.

''The heirs of the deceased were expressly authorized to bring suit for the possession of real estate, or for the purpose of quieting title to the same. (Code Civ. Proc., sec. 1452.) The decree sought was, in effect, both to quiet title to the land against defendant's claim of ownership and to establish a right to possession, subject to the rights of the administrator of the estate, and it was proper and necessary in the case to determine whether or not the plaintiff was an heir or devisee and thus entitled to bring suit. We think it unnecessary to pass upon any other point presented by the appellant, as the rules of evidence with relation thereto are well settled.'' (*Collette* v. *Sarrasin,* 184 Cal. 283, p. 289 [193 Pac. 571].)

■ Here the decree required the real property to be returned to decedent's estate, thereby facilitating the fixing of inheritance taxes, the rights of creditors, as well as obtaining an equitable distribution. It is one of the firmly established rules of equity that the court will, in one action, grant all the relief to which the parties are entitled, although at law such a result might strictly require several actions. (*Newport* v. *Hatton,* 195 Cal. 132 [231 Pac. 987].)

■ This appeal being on the judgment roll alone, we do not have the evidence before us, and it must be presumed that the findings and the judgment based thereon are fully supported by evidence, properly introduced and admitted.

"A judgment will not be reversed for want of a finding unless it appears there was evidence, or lack of evidence which required the court to make a finding in favor of the appellant. (*Bliss* v. *Sneath,* 119 Cal. 526, 529 [51 Pac. 848].) The evidence is not before this court." (*Terry* v. *Southwestern Bldg. Co.,* 43 Cal. App. 366, p. 370 [185 Pac. 212].) See, also, *Sacre* v. *Imperial Water Co.,* 206 Cal. 13 [272 Pac. 1044].

■ There is no dispute that plaintiff, together with her brothers, conveyed her interest in these lands to her father. In turn the father executed an agreement, prepared by a relative of one of the defendants, which recited that in consideration of the release of the interest of the children to the father he would devise to them, all property of which he died possessed, as set out in his will, a copy of which was made a part of the agreement.

We find no error in the holding of the trial court that the attempted conveyance by the father, after the execution of this agreement, of practically all of the real property of the estate to the sons to the exclusion of the daughter was a violation of the agreement. The case of *Rogers* v. *Schlotterback,* 167 Cal. 35 [138 Pac. 728], although dealing with an oral agreement, is in other respects very similar to the instant case, and the court there held the attempted disposition of the property was either a fraud in law or a constructive fraud upon the agreement, whether he intended it as a fraud or not. This being an action in equity the power of the court was ample to protect the parties.

■ Appellants claim the findings do not establish fraud. The court does find, however, that at the time the deeds were executed the father was of the age of eighty-two years and affected with senile dementia. The court also found the defendants procured their father's execution of the deed. Also that the sons concealed the making of the deeds from plaintiff.

As held in *Payne* v. *Payne*, 12 Cal. App. 251 [107 Pac. 148], a deed was properly set aside in equity, where the grantor, though not mentally incompetent, was, among other failings, enfeebled by age, had no independent advice as to the deed, which was executed without the knowledge of and the fact concealed from the party interested and whose rights were affected by the instrument. Furthermore, as the court there said, an elderly person who has become feeble and whose mental and physical powers are waning should not be allowed to become the victim of designing persons. True, in the case just cited, the entire record was before the court, and it appeared the plaintiff herself was seeking the recovery of the property, but here, although no record is before us, the court made its findings and held the deed invalid. We must assume the evidence supported those findings, and there being no negative findings upon any of the material issues, we must uphold the conclusions of the trial court. In *Bowers* v. *Union Trust Co.*, 117 Cal. App. 259 [3 Pac. (2d) 614], the court said:

"The facts found would not support a judgment in favor of the appellant and we are required to assume, in the absence of a bill of exceptions or reporter's transcript of the testimony, that the failure of the trial court to find other facts favorable to appellant's contention was due to the fact that no evidence was produced which would justify such finding. (*Ouzoonian* v. *Vaughan*, 194 Cal. 139 [228 Pac. 8].) (3) When an appeal is to be determined upon the judgment roll alone, all intendments will be made in support of the judgment and all proceedings necessary to its validity will be presumed to have been regularly taken. (2 Cal. Jur. 521.)"

Gathering the facts from the findings it would seem that for the court to have held that the conveyance here complained of was not a violation of the agreement between the father and his children, would have been a miscarriage of

justice. Plaintiff, without consideration, and without independent advice, conveyed to her father all her interest in this property, clearly with the intention to thereby give the father the use and enjoyment of the property during his lifetime. Attached to the agreement was a will dividing the property in equal shares among the children. Clearly it was assumed he would die possessed of all the property then conveyed to him; at least we may so infer from the findings or lack of findings upon that question.

If this property were now found in the hands of an innocent purchaser a different situation would apply, but for the sons to take advantage of this situation, should not be sanctioned by the law.

The judgment is affirmed.

Maxey, J., *pro tem.*, and Thompson, J., concurred.