[Civ. No. 17356.  Second Dist., Div. Two.  Feb. 24, 1950.]

GLADYS G. KING, Appellant, v. GRIFFIN WALTER WILSON, as Executor, etc., et al., Respondents.

John J. McMahon and Richard H. Hall for Appellant.

Walter G. Danielson and H. Spencer St. Clair for Respondents.

WILSON, J.—This is an appeal from a judgment following the sustaining of a demurrer to plaintiff's second amended complaint without leave to amend.

The defendants are Wilson, as executor and individually, together with one Brewer and wife. Plaintiff alleges that she was the lawful wife of decedent King at the time of his death; he left no relatives or heirs in California other than plaintiff; he left real and personal property valued at approximately $150,000; during his lifetime he conveyed property to Wilson and Brewer upon their agreement to reconvey it upon demand; the property is an asset of the estate and Wilson and Brewer held title thereto as trustees; Wilson as executor filed an inventory in the proceeding to probate decedent's will showing the value of the estate to be $200. The prayer of the pleading is that it be decreed that defendants Wilson and Brewer hold title to the property in trust for the benefit of, and that they be compelled to reconvey it to, the estate.

The only grounds of the demurrer argued upon the appeal are (1) that the second amended complaint does not state facts sufficient to constitute a cause of action, (2) that plaintiff has not legal capacity to sue. The demurrer was properly sustained on both grounds.

An action for the recovery or possession of property belonging to an estate may be maintained by the executor or administrator. (Prob. Code, § 573.) An heir cannot maintain

such an action for want of capacity to sue and for inability to state a cause of action. (*Holland* v. *McCarthy*, 177 Cal. 507, 509 [171 P. 421].) ■ The superior court sitting in probate has jurisdiction to determine title to property when the interest of the executor as such is adverse to his interest as an individual, but is without power to try a question of title as between the estate and strangers thereto. (*Stratton* v. *Superior Court*, 87 Cal.App.2d 809, 811 [197 P.2d 821]; *Bauer* v. *Bauer*, 201 Cal. 267, 271 [256 P. 820].)

If an executor or administrator has wasted, embezzled or mismanaged the estate or has committed a fraud upon the estate or neglected to perform any act required of him, one of the requirements being to recover property belonging to the estate, his letters may be revoked. (Prob. Code, § 521.)

■ An executor or administrator may be required to include in his inventory all property not previously included therein and his failure so to do is cause for his removal. (Prob. Code, § 611.)

Since Wilson as executor cannot sue himself as an individual, if, upon proper proceedings, the court should determine that an action ought to be brought to recover the property the executor may be removed and another person substituted for the purpose of prosecuting such action.

Plaintiff alleges in her pleading that in January, 1946, she filed a petition in the probate proceeding asking that defendants be required to transfer the properties mentioned in the complaint, or the equivalent thereof, to the estate; that the order to show cause issued upon her petition went off calendar in March, 1946, and has never been reheard or decided. Since plaintiff was the moving party in that proceeding any neglect or delay in the determination of her petition rests upon her. It is possible that the pursuit of the remedy which she abandoned might be productive of a result that cannot be attained in the instant action.

Cases cited by plaintiff in which heirs or persons having claims against an estate have been permitted to maintain actions such as those to establish a trust based upon mutual wills or contracts to make a will, actions by creditors against an estate or by a person claiming property adversely to the estate, or actions involving the rights of heirs or devisees in relation to the estate, need not be cited or discussed since plaintiff is not within any of the categories mentioned.

Plaintiff has discussed in her brief the questions of the statute of frauds and her failure to file a claim against the

estate in the probate proceedings. These points were not presented to the trial court and do not arise under the proceedings in this action. Defendants state in their brief that those questions have arisen in one of several other actions prosecuted by plaintiff against these defendants involving the same property but they do not arise in this action.

Since plaintiff has not legal capacity to sue and would be unable to amend her pleading so as to state a cause of action, the demurrer was properly sustained without leave to amend.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 24, 1950.