[Civ. No. 8457.   Fourth Dist., Div. One.   July 19, 1967.]

JOHN M. BOHN et al., Plaintiffs and Appellants, v. CHRISTINE M. SMITH, Defendant and Respondent.

Wells & Herring and William G. Wells for Plaintiffs and Appellants.

Frank Domenichini for Defendant and Respondent.

COUGHLIN, J.—Plaintiffs, by a third amended complaint in three counts, sought declaratory relief, injunction and damages; alleged they were heirs at law of Elizabeth Bohn, deceased; also alleged Elizabeth Bohn, while of unsound mind and acting under undue influence by and fraud of Christine Smith, caused all of her property, real and personal, to be placed in joint tenancy with Christine Smith; and further alleged that Christine Smith claims the property as surviving joint tenant. Defendant demurred generally and specially. One ground of special demurrer was that plaintiffs did not have legal capacity to sue "since an heir cannot maintain an action for the recovery or possession of property belonging to an estate." The court sustained the demurrer without leave

to amend. Thereupon judgment of dismissal was entered. Plaintiffs appealed.

Pertinent to the issue of plaintiffs' legal capacity to sue are the following allegations in Paragraph 9 of their Third Amended Complaint:

''Plaintiffs are the sole and only heirs at law of the decedent and as such have an interest in the decedent's estate should said conveyances, transfers and assignments be declared invalid or reformed so as to create a tenancy in common. Plaintiffs are informed and believe and upon such information and belief allege that there is no probate proceeding pending or presently contemplated on behalf of the decedent's estate by reason of all of the decedent's property having been placed in joint tenancy with defendant Christine M. Smith; and further by reason that defendant Christine M. Smith purports to be named the sole executrix of the decedent under any purported last Will of the decedent, the execution of which was obtained by reason of the defendant's said fraud and undue influence upon the decedent and not the result of the decedent's free and voluntary will. By reason thereof, defendants will not offer said purported last Will for probate and will not prosecute an action as executrix to set aside the conveyances, transfers and assignments described herein, nor has or will said defendants do so by reason of the matters herein set forth. In truth and fact, there is no valid and existing last Will of the decedent and in truth and fact the decedent died intestate, leaving as her next of kin and heirs at law the plaintiffs herein.''

Also pertinent to the issue are the allegations in the complaint that plaintiffs ''are children of two brothers and a sister of the decedent, all of whom predeceased the decedent''; Leonard Diether is ''the alternate executor under the purported last Will of the decedent''; defendant caused decedent to have Leonard Diether purportedly act as an attorney for decedent in preparing ''said purported last Will''; Leonard Diether at all times was the agent of defendant and knew of the activities of defendant ''in wrongfully obtaining said property from the decedent''; and for the reasons stated, ''Leonard Diether is unable to act as alternate executor and plaintiffs are the proper parties to bring this action.''

■ An heir may maintain an action against anyone, except an executor or administrator, for possession of or to quiet title to the real property of a decedent and if special circumstances justify such, for any other purpose or respecting any

other property. (Prob. Code, § 581; *Collette*. v. *Sarrasin*, 184 Cal. 283, 289 [193 P. 571]; *Rogers* v. *Bank of America*, 140 Cal.App.2d 228, 232 [294 P.2d 959]; *Landis* v. *First National Bank*, 20 Cal.App.2d 198, 207 [66 P.2d 730].)[1] However, as an action respecting property may be maintained only by one who has an interest therein (*Dietzel* v. *Anger*, 8 Cal.2d 373, 376 [65 P.2d 803]; generally re declaratory relief actions see *Oppenheimer* v. *General Cable Corp.*, 143 Cal.App.2d 293, 297 [300 P.2d 151]; *Associated Boat Industries* v. *Marshall*, 104 Cal.App.2d 21, 22 [230 P.2d 379]), the foregoing rule is subject to the proviso the heir must have an interest in the property.

Plaintiffs claim they are authorized to maintain the instant action under the foregoing rule because they seek to set aside invalid transfers by the decedent to defendant; their declaratory relief cause of action equates a quiet title action as to the real property involved; and the fact no probate proceedings have been initiated and the further fact defendant and her agent are the only executors named in decedent's will constitute special circumstances supporting their action respecting the personal property. We need not consider these claims because, assuming their merit, the allegations of the complaint do not establish plaintiffs have an interest in the subject property. To maintain an action to invalidate the effect of the transfers by decedent to defendant, which would cause the subject matter of those transfers to become a part of decedent's estate, plaintiffs must have an interest in the estate as heirs, devisees or legatees. (*Pryor* v. *Winter*, 147 Cal. 554, 558 [82 P. 202, 109 Am.St.Rep. 162].)

---

[1]Other cases applying the real property rule are: *Phelan* v. *Smith*, 100 Cal. 158, 168 [34 P. 667]; *Estep* v. *Armstrong*, 91 Cal. 659, 662 [27 P. 1091]; *Janes* v. *Throckmorton*, 57 Cal. 368, 387; *Mau* v. *McManaman*, 29 Cal.App.2d 631, 634 [85 P.2d 209], and *Holland* v. *Kelly*, 74 Cal.App. 576 [241 P. 579]. Included within this rule are actions to declare a constructive trust. (*Kimball* v. *Tripp*, 136 Cal. 631, 635 [69 P. 428]; *Janes* v. *Throckmorton*, supra, 57 Cal. 368, 387-388.) Additional cases stating the personal property-special circumstances rule are: *Holland* v. *McCarthy*, 177 Cal. 507, 510 [171 P. 421], *Chard* v. *O'Connell*, 48 Cal.App. 2d 475, 477 [120 P.2d 125], *Wood* v. *American Nat. Bank*, 24 Cal.App.2d 313, 321 [74 P.2d 1051], and *Hall* v. *Alexander*, 18 Cal.App.2d 660, 662 [64 P.2d 767]. The capacity of an heir to maintain an action respecting partnership assets, by virtue of an applicable statute, was upheld in *Robertson* v. *Burrell*, 110 Cal. 568, 574-575 [42 P. 1086] and *Little* v. *Caldwell*, 101 Cal. 553, 562 [26 P. 107, 40 Am.St.Rep. 89]. In some instances the courts have failed to distinguish between real property and personal property situations, e.g. *King* v. *Wilson*, 96 Cal.App.2d 212 [215 P.2d 50], and *Wood* v. *American Nat. Bank*, supra, 24 Cal. App.2d 313, 321.

In determining the sufficiency of the complaint to show plaintiffs' capacity to sue only allegations of fact may be considered; allegations of conclusions of law must be rejected. (*Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 329 [253 P.2d 659].)

The mere fact plaintiffs are heirs at law of decedent does not establish they have any interest in the property of her estate absent a showing of the nonexistence of a will disposing thereof, or in the event a will does exist that they are beneficiaries thereunder or it does not dispose of the entire estate.

The allegation "there is no valid and existing last Will of the decedent and in truth and fact the decedent died intestate, leaving as her next of kin and heirs at law the plaintiffs" states a conclusion of law. (See *Johnson* v. *Kirby,* 65 Cal. 482, 487 [4 P. 458].) In substance, plaintiffs assert the existence of a will, without setting forth its dispositive provisions, and allege facts establishing its invalidity which inferentially, they claim, support their conclusion the decedent died intestate and establish their right to maintain the action as heirs.

The validity of the will may be determined only in the manner provided by the Probate Code and not through the instant action. (*Reed* v. *Hayward,* 23 Cal.2d 336, 339 [144 P.2d 561]; *Estate of Edwards,* 154 Cal. 91, 93 [97 P. 23]; *Langdon* v. *Blackburn,* 109 Cal. 19, 25-26 [41 P. 814]; *Estate of Olson,* 200 Cal.App.2d 234, 237 [19 Cal.Rptr. 307]; *Estate of Burnett,* 6 Cal.App.2d 116, 123 [44 P.2d 435]; *Fletcher* v. *Superior Court,* 79 Cal.App. 468, 477 [250 P. 195].)

The third amended complaint does not state a cause of action in favor of plaintiffs; does not allege facts establishing their capacity to bring any action respecting the decedent's property; and was subject to demurrer, which the court properly sustained.

The order denying the right to amend also was proper because the opportunity to amend had been granted on three previous occasions over a period of approximately five months. There is no showing that in the interim plaintiffs took any action to effect probate of the decedent's estate; to establish their interest in her property as her heirs; or to seek the remedy suggested in *King* v. *Wilson,* 96 Cal.App.2d 212, 214 [215 P.2d 50].)

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.